■ 78 SOUTH FIRST STREET HOUSING DEVELOPMENT FUND CORPORATION et al., on Behalf of Themselves and Others Similarly Situated, Appellants, v PAUL A. CROTTY, as Commissioner of the New York City Department of Housing Preservation and Development, et al., Respondents.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered August 12, 1988, which granted defendants' motion for an order dismissing the complaint and denied plaintiffs' cross motion for class action certification, modified, on the law, to deny the motion to dismiss, and, except as thus modified, affirmed, without costs or disbursements.

This declaratory judgment action was instituted by several low-income housing development fund corporations challenging their tax assessments on the ground that the city had disregarded the use and resale restrictions on the properties in computing the assessments. The properties were acquired from the City of New York in 1982 after foreclosure against the previous owners, and were sold to plaintiffs without public auction or sealed bids through programs for the sale of city-owned property for use solely as a low-income housing project.

Each plaintiff's certificate of incorporation restricts the use of the property to low-income housing, and precludes resale of the property for a specified period of time after the date of the original conveyance by the city without the prior written approval of the Commissioner of the Department of Housing Preservation and Development. The certificate also limits the amount an individual tenant shareholder may retain from the sale of an individual unit to the sum of the original purchase price, plus the cost of certain capital improvements, and a small percentage of the balance of the sale price, after a specified period of time. The deed to each property embodies these restrictions.

Plaintiffs sought leave to include all other similarly situated low-income housing corporations. The essence of the complaint was that in assessing plaintiffs' properties the Department of Finance had disregarded the use and resale restrictions contained in the deeds and the certificates of incorporation, which would reduce the value of the property. The complaint also alleged that the city's assessment method is illegal because it violates the requirement that assessments reflect the sum for which each parcel of real estate would sell *(see,* Administrative Code of City of New York § 11-207). Consequently, a

declaration and injunction was sought preventing the city from disregarding the restrictions on the use and transfer of the properties, and from assessing the properties in excess of the aggregate consideration originally tendered by each plaintiff for its property ($250 per apartment).

The city moved to dismiss on the grounds that the action was time barred and failed to state a cause of action. Plaintiffs cross-moved for class certification. The basis of the claim that the action was time barred was that the challenged assessments were made final in May 1986 and May 1987, and that the action was not commenced until October 28, 1987. Section 166 of the New York City Charter requires that a proceeding to review an assessment, pursuant to Real Property Tax Law article 7, be commenced before the twenty-fifth day of October following the date when the assessment was made. The court agreed that the assessment could only be challenged in an article 7 proceeding and dismissed the complaint. The court also denied the cross motion for class action certification.

While Real Property Tax Law article 7 is the exclusive method of challenging an assessment that is illegal, irregular, excessive or unequal, where the particular method of assessment is attacked, the plaintiff is relieved of the obligation to proceed via article 7. (*Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893; *Samuels v Town of Clarkson,* 91 AD2d 836.) Plaintiffs' challenge here is to the legality of the method of assessment, i.e., the alleged practice of assessing properties as if they were unencumbered by the various restrictions on use and marketability. Administrative Code § 11-207 (b) requires that assessments reflect the sum for which each "parcel of real estate would sell". Plaintiffs argue that the city's method of assessment, disregards the legally mandated sales price. Thus, we find that the challenge is to the methods employed in the valuation of the properties, rather than on the individual valuation, and that plaintiffs are not required to proceed exclusively under article 7.

"Where the challenge concerns not the overvaluation or undervaluation of specific properties, but rather the alleged illegal use of a method involving several properties, a proceeding pursuant to CPLR Article 78 is appropriate". (*Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d, *supra,* at 893, citing *Matter of Dudley v Kerwick,* 52 NY2d 542, 548-551.) Challenges to the method of valuation have also been entertained in declaratory judgment actions. (*See, e.g., Zinder v Board of Assessors,* 66 Misc 2d 150, 151-152, *affd* 38 AD2d 836.) Here, the complaint clearly alleges a continuing injury,

which is a factor supportive of declaratory relief. Moreover, considerations of judicial economy weigh heavily in favor of resolution of the issue by declaratory judgment. The alternative is requiring over 200 low-income housing development fund corporations to bring individual actions. Inasmuch as the Statute of Limitations for a declaratory judgment action is six years (CPLR 213 [1]), the action is timely.

At the same time, the granting of class action status is not warranted. Suffice to say, a class action is not superior to an ordinary lawsuit where it is brought against a governmental entity since stare decisis will afford adequate protection to the members of the class. *(Matter of Martin v Lavine,* 39 NY2d 72, 75.)* Concur—Sullivan, J. P., Carro and Ellerin, JJ.

Milonas and Kassal, JJ., dissent in a memorandum by Milonas, J., as follows: The complaint herein alleges that the assessments of plaintiffs' properties are unlawful and excessive because of the failure of the Commissioner of Finance to consider certain restrictions on the use and transfer of their properties mandated by article XI of the New York State Private Housing Finance Law (§§ 570-582), whose purpose is to promote the construction and rehabilitation of low-income housing. In that connection, plaintiffs contend that the market value of properties acquired under programs for the sale of city-owned buildings to low-income residents residing therein is adversely affected by the resale and occupancy restrictions which encumber such housing. Plaintiffs thus urge that the Commissioner, by overvaluing the properties in question, imposed excessive assessments. Yet, the proper procedure for challenging an assessment as being "excessive, unequal or unlawful" (Real Property Tax Law § 706 [1]) is through a special proceeding commenced pursuant to article 7 of the Real Property Tax Law. In New York City, RPTL article 7 proceedings "must be commenced before the twenty-fifth day of October following the time when the determination sought to be reviewed or corrected was made" (NY City Charter § 166). The instant declaratory judgment action was clearly brought after the expiration of the time specified by New York City Charter § 166, and the claims asserted therein are, therefore, time barred.

The majority, in reversing the Supreme Court's dismissal of the complaint, conclude that plaintiffs are not disputing the individual valuations placed on their properties but, rather, the method by which these properties were assessed, and, consequently, a declaratory judgment action appropriately lies. Since a six-year Statute of Limitations is applicable to a

declaratory judgment action (CPLR 213), plaintiffs would be precluded by time constraints from seeking review of the assessments only if they were restricted to a special proceeding under RPTL article 7. Accordingly, it is clear that plaintiffs are endeavoring to accomplish by means of a declaratory judgment action that which they are now barred from doing in the manner authorized by law. Plaintiffs' grievances could certainly have been raised in an article 7 proceeding and, indeed, the issue of the extent to which market value is influenced by resale and occupy limitations on property operated under relevant housing law has been fully litigated in tax certiorari proceedings pursuant to the RPTL *(Matter of Knickerbocker Vil. v Boyland,* 16 AD2d 223, *affd* 12 NY2d 1044; *Matter of Washbridge Hous. Corp. v Tax Commn.,* 60 Misc 2d 296, *affd* 32 AD2d 899).

It is plaintiffs' position, and the majority agree, that since they are not contesting the particular assessment of a specific piece of property and are, instead, attacking the city's right to impose taxes on their properties without regard to the restrictions placed thereon, an RPTL article 7 proceeding is not the exclusive remedy available to them. In fact, the essence of plaintiffs' complaint is that they desire to procure judicial correction of purportedly excessive and illegal tax assessments, and an article 7 proceeding is the exclusive procedure by which such relief may be obtained. A CPLR article 78 proceeding or a declaratory judgment action may be brought only where there is a dispute concerning the taxing authority's jurisdiction *(Hewlett Assocs. v City of New York,* 57 NY2d 356; *Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893) or the challenge is directed at "the alleged illegal use of a method involving several properties" *(Matter of 22 Park Place Coop. v Board of Assessors, supra,* at 893; *see also, Matter of Dudley v Kerwick,* 52 NY2d 542).

Plaintiffs in the instant matter do not question the jurisdiction of the Commissioner of Finance nor do they assert that the Commissioner employed an illegal or improper method to arrive at the amounts of the assessments. On the contrary, plaintiffs have simply self-servingly surmised that the Commissioner has overvalued their properties since, in their view, the statutory limitations with respect to sale and occupancy have caused these properties to have a market value which is lower than it would be without such restrictions. The crux of the attack on the Commissioner of Finance is, thus, that he did not correctly determine the market values of their properties. However, the Legislature has not established a specific

method for ascertaining market value *(see, Matter of Merrick Holding Corp. v Board of Assessors,* 45 NY2d 538), and, in the absence of any legally mandated criteria, it is within the expertise and discretion of the Commissioner of Finance to ascertain fair market value and to determine whether restrictions on the sale and use of cooperative apartments reduce marketability. At any rate, in situations involving a disagreement between the taxpayer and the assessor regarding market value and the attendant assessment, the exclusive means of challenging both the market value and the assessment is through an RPTL article 7 proceeding. There is certainly nothing present here to distinguish plaintiffs' claim from that of any other ordinary assertion of overvaluation or excessive assessment in which it is alleged that the assessor ignored, or did not give due deference to, some arguably significant factor impacting upon market value. It is, therefore, not the methodology of the Commissioner which plaintiffs contest but his supposed failure to deem crucial those factors which they consider so dispositive. Indeed, what plaintiffs are attempting to do here is to disguise a common challenge to the assessments of their properties in the garb of a broad dispute over methodology. In my opinion, the order being appealed should be affirmed.