■ In the Matter of G.A.D. HOLDING COMPANY, Respondent, v CITY OF NEW YORK DEPARTMENT OF FINANCE, REAL PROPERTY ASSESSMENT BUREAU, Appellant. [596 NYS2d 799] —Order of the Supreme Court, New York County (Elliott Wilk, J.), entered February 7, 1991, which denied respondent's cross-motion to, *inter alia,* refer the proceeding to the Justice assigned to review real property assessments and to dismiss the petition, and order of the same court and Justice, entered July 3, 1991, which denied so much of respondent's motion as sought leave to reargue the cross-motion and granted so much thereof as sought to resettle the prior order, are unanimously reversed to the extent appealed from, on the law and facts, and the petition dismissed, without costs or disbursements.

Petitioner owns an irregularly shaped parcel of real estate in the Bronx designated as Block 2323, Lot 13, which, according to an unrecorded deed, suggests that it contained 47,140 square feet. In August, 1983, the State Department of Transportation appropriated approximately 50% of the property by condemnation. However, the City continued to bill petitioner for real estate taxes on the entire parcel.

Petitioner then sought judicial intervention to require respondent to reassess the property in order to ascertain the proper tax obligation. Finding respondent's position to be "mildly irrational", by order and judgment entered July 20, 1987, the Supreme Court ordered respondent to reassess the real estate tax obligations of the remaining portion of the land owned by petitioner.

Petitioner was thereafter billed for the tax year 1990-1991 for taxes owed on a parcel size of 143 feet by 210 feet, or, petitioner contended, an area of 30,030 square feet. Petitioner commenced this CPLR article 78 proceeding for a judgment of mandamus to compel respondent to resurvey the parcel and take into account the property appropriated by the State and refund excess monies paid based on the City's allegedly incorrect computation of the property's square footage.

Petitioner contended that the approximate total square footage of the parcel at the time of purchase was 47,140 square feet, that the State took approximately 22,503 square feet, and thus the parcel subject to assessment totals only 24,637 square feet and not 30,030 square feet.

Initially, we note, however, that the 1990-1991 tax was based on a resurveyed parcel stated by the responsible assessor to contain a total of 24,945 square feet and *not* 30,030 square feet, a difference of only 308 square feet (or 1.25%) from petitioner's figures, which, it concedes, are approximations. The reason the lower figure for the area was used by the assessor was because the parcel is not a rectangle but an irregularly shaped trapezium with some curved sides and its square footage cannot be calculated by simply multiplying its length by its width.

Further, petitioner's resort to an article 78 proceeding to compel respondent to resurvey the property is in essence a complaint of overvaluation and petitioner has failed to timely follow the exclusive remedy for that grievance as prescribed by Real Property Tax Law article 7 and New York City Charter § 166.

Assessments, which have the force and effect of final judgments, are not subject to collateral attack unless jurisdictionally defective *(Kahal Bnei Emunim v Town of Fallsburg,* 78 NY2d 194, 204-205). The proper method for correcting error in assessments, therefore, is an article 7 proceeding and not an article 78 *(78 S. First St. Hous. Dev. Fund Corp. v Crotty,* 75 NY2d 982, *revg on dissenting mem of Milonas, J.,* 150 AD2d 218, 220-222). As no article 7 proceeding was commenced in a timely fashion, petitioner is time-barred from review of the 1990-1991 tax assessment and assessments for previous years (NY City Charter § 166). Nor was a timely application made to the Tax Commissioner to correct the assessment which is a jurisdictional condition precedent for an article 7 proceeding (NY City Charter § 163 [f]; *Semon Trust/Lord & Taylor v Board of Assessors,* 160 AD2d 991). Accordingly, because of these defects, this article 78 proceeding may not now be converted to an article 7 proceeding *(see,* CPLR 201; *78 S. First St. Hous. Dev. Fund Corp. v Crotty, supra).*

Moreover, upon this appeal, petitioner abandons its demands for a refund of back taxes but now seeks the method used in computing the area of the parcel. However, such relief was not requested in its petition and petitioner itself concedes upon appeal the dispute about parcel size is "moot" and

admits the 1.25% difference between the City assessor's calculations and its own calculations is "negligible". In addition, there is no statutory or common law duty by the City to survey the parcel and the 1987 order did not require such a survey but only a reassessment, which was done. Thus, respondent has already provided that sought by petitioner. "The assessment review proceeding is limited to a determination of the correctness of the assessment and not a review of what the assessor did or how he arrived at his conclusion." *(Matter of 425 Park Ave. Co. v Finance Adm'r of City of N. Y.,* 69 NY2d 645, 648.)

Finally, we note, the previous article 78 proceeding had ended with the filing of a final order and judgment, with which respondent complied. Thus, the IAS Court had no jurisdiction to reopen or amend its earlier order and judgment to add the new relief sought by petitioner, had it requested amendment *(see, Pjetri v New York City Health & Hosps. Corp.,* 169 AD2d 100, *lv dismissed* 79 NY2d 915). The instant application in which petitioner used the index number of the terminated earlier proceeding, avoiding payment of statutory fees due and compliance with the IAS assignment procedures *(see,* 22 NYCRR 202.3), therefore was improperly commenced and maintained. Concur—Ellerin, J. P., Wallach, Kupferman and Asch, JJ.