■ DOUGLAS N. STEIN, Respondent, v AMERICAN MORTGAGE BANKING, LTD., et al., Appellants, et al., Defendants. [628 NYS2d 162] —In an action to foreclose a mortgage, the defendant American Mortgage Banking, Ltd., appeals, as limited by its brief, and the defendants Teresa Bonici, Primo Bonici, and Waverly Hills Estates, Inc., separately appeal, from so much of a judgment of foreclosure and sale of the Supreme Court, Nassau County (Yachnin, J.), dated November 10, 1993, as, upon confirming a Referee's report finding that the sum of $425,904.89 was due on the mortgage (including attorney's fees of $10,120), is in favor of the plaintiff and against them directing the Referee to pay the sum of $425,904.89 to the plaintiff upon the sale of the subject property.

Ordered that the appeal of the defendants Teresa Bonici, Primo Bonici, and Waverly Hills Estates, Inc., is dismissed, without costs or disbursements, for failure to perfect; and it is further,

Ordered that the judgment is modified, on the law, by deleting therefrom the first decretal paragraph and so much of the third decretal paragraph as directed the Referee to pay the plaintiff $425,904.89; as so modified, the judgment is affirmed insofar as appealed from by American Mortgage Banking, Ltd., without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new hearing on the issue of attorneys fees only, recalculation of interest in accordance herewith, and entry of an appropriate amended judgment accordingly.

Although we agree that it was error for the Referee to render his determination without holding a hearing on notice to the parties (see, CPLR 4313), we conclude that American Mortgage Banking, Ltd. (hereinafter the appellant), is not entitled to a new hearing on the issue of the principal sum due on the mortgage in question. The appellant, which is a secondary mortgagee, submitted evidence to support its contentions regarding the sum due on the plaintiff's lien both on its cross motion to vacate the Referee's report, and in opposition to the plaintiff's prior motion for partial summary judgment. The Supreme Court, which is the ultimate arbiter of the dispute and had the power to reject the Referee's report and make new findings (see, CPLR 4403), considered the appellant's evidence and correctly concluded that the appellant's contentions were without merit.

Because the appellant was not otherwise prejudiced by its inability to submit its evidence directly to the Referee, a new hearing on the issue of the principal sum due is not necessary *(see, Shultis v Woodstock Land Dev. Assocs.,* 195 AD2d 677). We agree, however, that the appellant is entitled to a new hearing on the issue of the attorney's fees due the plaintiff, inasmuch as the appellant never had an opportunity to be heard on the issue *(cf., Shultis v Woodstock Land Dev. Assocs., supra).*

As to the appropriate interest rate, the mortgage provided that after the maturity date, the interest rate on any unpaid balance would increase to 2% per month, unless that rate was above the legal interest rate, in which case the interest rate would increase to the maximum legal rate. Because the rate of 2% per month was not in excess of the legal rate *(see,* General Obligations Law § 5-521 [1], [3]; Penal Law § 190.40), the Referee erred in calculating interest at a rate of 24.9% per annum for part of the post-maturity period. Therefore, the Referee must also recalculate the interest due in accordance herewith. Rosenblatt, J. P., Ritter, Copertino and Santuccci, JJ., concur.