■ NYCTL 1996-1 TRUST et al., Respondents, v WESTMORE-LAND ASSOCIATES et al., Appellants, et al., Defendants. [769 NYS2d 390]—

In an action to foreclose on a real property tax lien pursuant to Administrative Code of City of New York § 11-335, the defendants Westmoreland Associates and Board of Managers of the Westmoreland Condominium appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated June 25, 2001, as granted that branch of the plaintiffs' motion which was for summary judgment striking their answer in its entirety and dismissing their affirmative defenses and counterclaim, and denied their cross motion to dismiss the complaint, or, alternatively, to stay the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action to foreclose on a real property tax lien, the plaintiffs presented a prima facie showing that they were entitled to summary judgment by demonstrating that the appellants had not paid their real estate taxes for the period January 1, 1991, through June 30, 1996. In opposition, the appellants did not dispute that the taxes were owed, but argued that the taxes had been improperly assessed through that period and beyond, even though there had been settlements reducing the assessments for the tax years 1990/1991, 1991/1992, 1992/1993, 1993/1994, and 1994/1995. The proper method for challenging real property tax assessments which allege that the assessment is "excessive, unequal or unlawful, or that [the] real property is misclassified" is by bringing a Real Property Tax Law article 7 proceeding (RPTL 706; *see Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194, 205 [1991]; *Matter of G.A.D. Holding Co. v City of N.Y. Dept. of Fin., Real Prop. Assessment Bur.*, 192 AD2d 441 [1993]), but the statutory limitations period for challenging the tax assessments has long passed (*see* RPTL 702; New York City Charter §§ 165, 166). There being no issues of fact summary judgment was properly granted to the plaintiffs.

The appellants' remaining contentions are without merit. Santucci, J.P., Krausman, Townes and Cozier, JJ., concur.