■ NYCTL 1996-1 Trust et al., Respondents, v Westmoreland Associates et al., Appellants, et al., Defendants. [822 NYS2d 465]—

In an action to foreclose on a real property tax lien pursuant to New York City Administrative Code § 11-335, the defendants Westmoreland Associates and Board of Managers of the Westmoreland Condominium appeal from (1) a judgment of the Supreme Court, Queens County (Dorsa, J.), entered May 19, 2005, which, inter alia, confirmed a referee's report dated March 13, 2003, determining that the amount due on the tax lien as of January 10, 2003, was $293,203.48, and awarded the plaintiffs or their attorneys an attorneys' fee in the sum of $20,000 and (2) an order of the same court entered August 22, 2005, which denied the appellants' motion for leave to renew or reargue.

Ordered that the appeal from so much of the order as denied that branch of the appellants' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiffs or their attorneys an attorneys' fee in the sum of $20,000; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of an attorneys' fee; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

On their prior motion for summary judgment, the plaintiffs claimed that the taxes owed were $84,402.37. In opposition to that motion, the appellants acknowledged that the $84,402.37 figure included taxes claimed to be owed and "accrued interest." The appellants asserted that there were issues of fact as to "the computation of the amount of the purported [tax] lien" and challenged the amount of the assessments as arbitrary.

By order dated June 25, 2001, the Supreme Court granted the plaintiffs' motion for summary judgment and struck the appellants' answer "in its entirety" and stated that "the affirmative defenses and counterclaim are dismissed." This Court affirmed that determination noting that the appellants "argued that the taxes had been improperly assessed . . . even though there had been settlements reducing the assessments for the tax years 1990/1991, 1991/1992, 1992/1993, 1993/1994, and 1994/1995 . . . but the statutory limitations period for challenging the tax assessments has long passed" (*NYCTL 1996-1 Trust v Westmoreland Assoc.*, 2 AD3d 811, 812 [2003]).

The referee adopted the $84,402.37 figure and added a 5% surcharge of $4,220.12, an advertising fee of $34.88, and interest from May 21, 1996, to January 10, 2003, of $204,545.69. The plaintiffs moved to confirm the referee's report and for an award of an attorneys' fee in the sum of $30,319.50. In opposition the appellants demanded a hearing with respect to the attorneys' fee, noting that the plaintiffs were already awarded an attorneys' fee in the sum of $5,000 after a hearing before the court and their new demand for an additional attorneys' fee was not supported by contemporaneous time records. With respect to the amount of the tax lien, the appellants reiterated the argument raised in opposition to the plaintiffs' motion for summary judgment that the tax assessments were arbitrary since "the same property . . . has never been improved and yet it has been subject to different tax assessments each year."

In a memorandum decision dated March 28, 2005, the Supreme Court stated that the motion to confirm the referee's report should be granted and directed the plaintiffs to submit an affidavit of legal services rendered along with a proposed judgment for settlement. After the plaintiffs submitted copies of bills for an attorneys' fee and an affidavit setting forth the number of hours spent, the Supreme Court entered judgment confirming the referee's report and awarding an attorneys' fee of $20,000 without a hearing.

Thereafter, the appellants moved for leave to renew and reargue, raising a new issue that after reducing the assessments and the amount of taxes owed, the City persisted in charging interest on the original amount of taxes and included that excess interest in the $84,402.37. The Supreme Court denied the motion.

The Supreme Court had the power to accept or reject the referee's findings with respect to the amount of the tax lien and to make new findings (see CPLR 4403; Adelman v Fremd, 234 AD2d 488, 489 [1996]; Stein v American Mtge. Banking, 216 AD2d 458 [1995]). There was no need for a hearing since the referee's arithmetic calculation of the 5% surcharge and interest owed from May 21, 1996, until January 10, 2003, was based upon the amount of property taxes owed—$84,402.37—which was previously litigated upon the determination of the plaintiffs' motion for summary judgment and affirmance thereof by this Court (see NYCTL 1996-1 Trust v Westmoreland Assoc., supra).

In opposition to the plaintiffs' motion to confirm the referee's findings, the appellants revisited arguments previously rejected by the Supreme Court and this Court on the prior appeal from the order granting the plaintiffs summary judgment. In view of

the foregoing, the Supreme Court properly confirmed the findings of the referee (*see Esther M. Mertz Trust v Fox Meadow Partners*, 295 AD2d 558 [2002]). However, the appellants were entitled to a hearing on the question of an attorneys' fee since they never had an opportunity to be heard (*see Stein v American, supra* at 459).

We dismiss the appeal from so much of the order entered August 22, 2005, as denied reargument on the ground that no appeal lies from an order denying reargument. So much of the order as denied that branch of the appellants' motion which was for renewal is affirmed on the ground that the appellants on renewal asserted no new facts or arguments which were not offered in their original papers in opposition to the motion to confirm the referee's report (*see* CPLR 2221; *O'Connell v Post*, 27 AD3d 631 [2006]).

The appellants' remaining contentions are unpreserved for appellate review. Florio, J.P., Goldstein, Luciano and Lunn, JJ., concur.