■ In the Matter of CLIFFORD AYMES, Appellant, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Respondents. [943 NYS2d 529]—

Order and judgment (one paper), Supreme Court, New York County (Martin Shulman, J.), entered April 28, 2011, which, to the extent appealed from as limited by the briefs, granted respondents' motion to dismiss the petition, and dismissed this proceeding brought pursuant to article 7 of the Real Property Tax Law, unanimously affirmed, without costs.

As a prerequisite to commencing a proceeding under article 7 of the Real Property Tax Law to review an assessment of real property, petitioner was required to "show that a complaint was made in due time to the proper officers to correct such assessment" (RPTL 706 [2]). The court correctly held that the "proper officer" in this case was respondent Tax Commission, as section 153 (b) of the New York City Charter states that the Tax Commission "shall be charged with the duty of reviewing and correcting all assessments of real property" (*see also* NY City Charter § 163 [f]; *Matter of G.A.D. Holding Co. v City of N.Y. Dept. of Fin., Real Prop. Assessment Bur.*, 192 AD2d 441, 442 [1993]). Given petitioner's failure to timely file a complaint with the Tax Commission, the petition was properly dismissed (*Matter of Sterling Estates v Board of Assessors of County of Nassau*, 66 NY2d 122, 126 [1985]). We note, however, that dismissal of this proceeding for failure to exhaust administrative

remedies does not, in and of itself, bar petitioner from seeking corrections relating to the subject property's square footage, income, and expenses, which he properly sought in a Request for Review filed with the Department of Finance. Concur—Tom, J.P., Andrias, Catterson, Acosta and Manzanet-Daniels, JJ.