■ NYCTL 2008-A Trust et al., Appellants, v Trinco, Inc., et al., Defendants, and Tower Equities, Inc., Respondent. [50 NYS3d 157]—

In an action to foreclose a real property tax lien, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Sherman, J.), dated November 25, 2014, as denied those branches of their motion which were for summary judgment on the complaint insofar as asserted against the defendant Tower Equities, Inc., to strike the answer of the defendant Tower Equities, Inc., and to appoint a referee to compute the total sums due and owing to the plaintiffs on the subject tax lien.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the defendant Tower Equities, Inc., to strike the answer of the defendant Tower Equities, Inc., and to appoint a referee to compute the total sums due and owing to the plaintiffs on the tax lien are granted.

In this action to foreclose a tax lien, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law by submitting proof that no payments had been made on the subject tax lien (*see NYCTL 2008-A Trust v Lee Zhen Xiang*, 121 AD3d 1062, 1063 [2014]; *NYCTL 2009-A Trust v Tsafatinos*,

101 AD3d 1092, 1093 [2012]; *NYCTL 1996-1 Trust v Orit Diagnostic Ctr., Inc.*, 19 AD3d 668, 668 [2005]; *NYCTL 1996-1 Trust v Westmoreland Assoc.*, 2 AD3d 811, 812 [2003]). In opposition, the defendant Tower Equities, Inc. (hereinafter Tower Equities), failed to raise a triable issue of fact rebutting the plaintiffs' showing or as to the merit of its affirmative defenses (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *NYCTL 1998-2 Trustee v 2388 Nostrand Corp.*, 69 AD3d 594, 595 [2010]), even considering the unpleaded defense advanced in opposition to the motion (*see NYCTL 2008-A Trust v Lee Zhen Xiang*, 121 AD3d at 1063). Similarly, the plaintiffs demonstrated their entitlement to relief on that branch of their motion which was for an order of reference to compute the total sums due and owing to them on the tax lien (*see NYCTL 1998-2 Trustee v 2388 Nostrand Corp.*, 69 AD3d at 595). The remaining contentions of Tower Equities either were improperly raised in surreply affirmations (*see BRP Constr. Group, LLC v Greenwich Ins. Co.*, 106 AD3d 680, 681 [2013]; *Graffeo v Paciello*, 46 AD3d 613, 615 [2007]) or are improperly raised for the first time on appeal (*see Matter of Fernandez v City of New York*, 131 AD3d 532, 533-534 [2015]; *NYCTL 2009-A Trust v Tsafatinos*, 101 AD3d at 1094). Accordingly, the Supreme Court should have granted those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against Tower Equities, to strike the answer of Tower Equities, and for an order of reference. Rivera, J.P., Leventhal, Hall and Duffy, JJ., concur.