NYCTL 2009-A Trust v Kimball Group, LLC (2018 NY Slip Op 00838)





NYCTL 2009-A Trust v Kimball Group, LLC


2018 NY Slip Op 00838


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2015-04666
 (Index No. 8870/10)

[*1]NYCTL 2009-A Trust, et al., appellants, 
v
Kimball Group, LLC, defendant-respondent, et al., defendants; 2232 Kimball Holdings, LLC, nonparty-respondent.


Windels Marx Lane & Mittendorf, LLP, New York, NY (Bruce F. Bronster, Leonid Krechmer, and Kelly D. Schneid of counsel), for appellants.
Goldberg Rimberg & Weg PLLC, New York, NY (Steven A. Weg of counsel), for defendant-respondent and nonparty-respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated February 17, 2015. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were to substitute NYCTL 1998-2 Trust and Bank of New York, as collateral agent and custodian for the NYCTL 1998-2 Trust, as plaintiffs in this action and amend the caption accordingly and, in effect, for leave to renew that branch of their prior motion which was for an order of reference, which had been denied in an order of the same court (Jack M. Battaglia, J.) dated December 10, 2013.
ORDERED that the order dated February 17, 2015, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, those branches of the plaintiffs' motion which were to substitute NYCTL 1998-2 Trust and Bank of New York, as collateral agent and custodian for the NYCTL 1998-2 Trust, as plaintiffs in this action and amend the caption accordingly and, in effect, for leave to renew that branch of their prior motion which was for an order of reference are granted, upon renewal, so much of the order dated December 10, 2013, as denied that branch of the plaintiffs' prior motion which was for an order of reference is vacated, and that branch of the plaintiffs' prior motion is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings, including the amendment of the caption in accordance herewith.
In 2010, the plaintiffs commenced this action to foreclose a tax lien on certain real property owned by the defendant Kimball Group, LLC (hereinafter Kimball). Subsequently, the plaintiffs moved, among other things, for an order of reference to compute the amount due on the tax lien. In an order dated December 10, 2013, the Supreme Court denied that branch of the motion. Thereafter, the plaintiffs, in effect, moved for leave to renew that branch of their prior motion which was for an order of reference. They also moved to substitute NYCTL 1998-2 Trust and Bank of New York, as collateral agent and custodian for the NYCTL 1998-2 Trust, as plaintiffs and to amend the caption accordingly. In an order dated February 17, 2015, the court denied those branches of the plaintiffs' motion. The plaintiffs appeal.
Under the circumstances of this case, the Supreme Court should have granted that branch of the plaintiffs' motion which was, in effect, pursuant to CPLR 2221(e) for leave to renew that branch of their prior motion which was for an order of reference (see Candlewood Holdings, Inc. v Valle, 134 AD3d 872, 873-874; Wilder v May Dept. Stores Co., 23 AD3d 646, 648; Tishman Constr. Corp. of N.Y. v City of New York, 280 AD2d 374, 376-378; Strong v Brookhaven Mem. Hosp. Med. Ctr., 240 AD2d 726). Moreover, upon renewal, the court should have granted that branch of the plaintiffs' prior motion which was for an order of reference. The plaintiffs' evidentiary submissions established their entitlement to an order of reference (see Administrative Code of the City of New York § 11-336; see NYCTL 2011-A Trust v Master Sheet Co, Inc., 150 AD3d 755, 756; NYCTL 2008-A Trust v Trinco, Inc., 148 AD3d 1035, 1035-1036). Contrary to the contentions raised in opposition, the affidavit submitted by the plaintiffs in support of their motion was in admissible form (see CPLR 2309[b]; Federal Natl. Mtge. Assn. v Yakaputz II, Inc., 141 AD3d 506, 507).
The Supreme Court also should have granted that branch of the plaintiffs' motion which was for leave to substitute NYCTL 1998-2 Trust and Bank of New York, as collateral agent and custodian for the NYCTL 1998-2 Trust, as the plaintiffs and to amend the caption accordingly (see CPLR 1018, 3025[b]). The plaintiffs submitted evidence demonstrating that the tax lien was assigned to NYCTL 1998-2 Trust after the commencement of the action, and the plaintiffs' request to substitute NYCTL 1998-2 Trust and Bank of New York, as collateral agent and custodian for the NYCTL 1998-2 Trust, as plaintiffs was unopposed (see Aurora Loans Servs., LLC v Mandel, 148 AD3d 965, 967; Flushing Sav. Bank v Latham, 139 AD3d 663, 664).
DILLON, J.P., BALKIN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court