NYCTL 1998-2 Trust v 104-26 Jamaica Ave, LLC (2018 NY Slip Op 02796)





NYCTL 1998-2 Trust v 104-26 Jamaica Ave, LLC


2018 NY Slip Op 02796


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-11068
 (Index No. 20435/13)

[*1]NYCTL 1998-2 Trust, et al., respondents, 
v
104-26 Jamaica Ave, LLC, appellant, et al., defendants.


Harry C. Goberdhan, Jamaica, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Vincent D'Orazio and Kevin R. Harkins of counsel), for respondents.



DECISION & ORDER
In an action to foreclose tax liens on property owned by the defendant 104-26 Jamaica Ave, LLC, the defendant 104-26 Jamaica Ave, LLC, appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated September 11, 2015. The order, insofar as appealed from, granted those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the defendant 104-26 Jamaica Ave, LLC, and to strike its answer, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action to foreclose tax liens on property owned by the defendant 104-26 Jamaica Ave, LLC (hereinafter Jamaica Ave), the plaintiffs moved, inter alia, for summary judgment on the complaint insofar as asserted against Jamaica Ave and to strike its answer. Jamaica Ave cross-moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted those branches of the plaintiffs' motion and denied Jamaica Ave's cross motion. Jamaica Ave appeals.
The plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law by submitting the subject tax lien certificate along with proof that no payments had been made on the tax lien (see NYCTL 2008-A Trust v Trinco, Inc., 148 AD3d 1035, 1035-1036; NYCTL 2008-A Trust v Lee Zhen Xiang, 121 AD3d 1062, 1063; NYCTL 2009-A Trust v Tsafatinos, 101 AD3d 1092, 1093; NYCTL 1996-1 Trust v Orit Diagnostic Ctr., Inc., 19 AD3d 668, 668; NYCTL 1996-1 Trust v Westmoreland Assoc., 2 AD3d 811, 812). In opposition, Jamaica Ave failed to raise a triable issue of fact rebutting the plaintiffs' showing or as to the merit of its affirmative defenses (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562; NYCTL 2008-A Trust v Trinco, Inc., 148 AD3d at 1036; NYCTL 1998-2 Trustee v 2388 Nostrand Corp., 69 AD3d 594, 595).
Accordingly, the Supreme Court properly granted those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against Jamaica Ave and to strike its answer, and, for the same reasons, properly denied Jamaica Ave's cross motion for [*2]summary judgment dismissing the complaint insofar as asserted against it.
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court