NYCTL 2011-A Trust v Evelyn (2019 NY Slip Op 06610)





NYCTL 2011-A Trust v Evelyn


2019 NY Slip Op 06610


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-00685
 (Index No. 10047/12)

[*1]NYCTL 2011-A Trust, et al., appellants, 
v
Livingston Evelyn, et al., respondents, et al., defendants.


Bronster, LLP, New York, NY (Leonid Krechmer of counsel), for appellants.



DECISION & ORDER
In an action to foreclose a tax lien, the plaintiffs appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated May 14, 2015. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the defendants Livingston Evelyn, Annette Evelyn, and Dave Evelyn, to strike those defendants' answer, and to appoint a referee to compute the amount due to the plaintiffs on the subject tax lien.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the defendants Livingston Evelyn, Annette Evelyn, and Dave Evelyn, to strike those defendants' answer, and to appoint a referee to compute the amount due to the plaintiffs on the subject tax lien are granted.
In this action to foreclose a tax lien, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law by submitting the subject tax lien certificate, which was presumptive evidence of a valid and enforceable lien (see Administrative Code of City of NY § 11-336; NYCTL 2009-A Trust v Morris, 164 AD3d 1249, 1250), along with proof that no payments had been made on the tax lien (see NYCTL 2008-A Trust v Trinco, Inc., 148 AD3d 1035; NYCTL 2008-A Trust v Lee Zhen Xiang, 121 AD3d 1062, 1063; NYCTL 2009-A Trust v Tsafatinos, 101 AD3d 1092, 1093). The plaintiffs also demonstrated their entitlement to relief on that branch of their motion which was to appoint a referee to compute the amount due to them on the tax lien (see NYCTL 2008-A Trust v Trinco, Inc., 148 AD3d at 1036). Contrary to the Supreme Court's determination, the defendants Livingston Evelyn, Annette Evelyn, and Dave Evelyn (hereinafter the Evelyn defendants) failed to raise a triable issue of fact in opposition to the plaintiffs' showing or as to the merit of their affirmative defenses alleging that the subject tax lien is defective (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562; NYCTL 1998-2 Trust v 104-26 Jamaica Ave, LLC, 160 AD3d 974, 975; NYCTL 2008-A Trust v Trinco, Inc., 148 AD3d 1035; Joon Mgt. One Corp. v Town of Ramapo, 142 AD3d 587, 588-589). Neither a proceeding pursuant to RPTL article 7 nor CPLR article 78, if applicable, to challenge the validity of the subject tax lien was ever commenced by the Evelyn defendants, and any such proceeding would be untimely (cf. Matter of Better Word Real Estate Group v New York City Dept. of Fin., 122 AD3d 27).
Accordingly, the Supreme Court should have granted those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the Evelyn [*2]defendants, to strike the Evelyn defendants' answer, and to appoint a referee to compute the amount due to the plaintiffs on the tax lien.
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court