Matter of 383 W. Broadway Corp. v Solomon (2025 NY Slip Op 05741)

Matter of 383 W. Broadway Corp. v Solomon

2025 NY Slip Op 05741

Decided on October 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 16, 2025

Before: Kern, J.P., Scarpulla, Pitt-Burke, O'Neill Levy, Michael, JJ. 

Index No. 152351/21|Appeal No. 4977-4978-4979|Case No. 2024-03063 2024-06312 2024-06313|

[*1]In the Matter of 383 West Broadway Corp., Petitioner-Appellant,
v
Sherif Solomon, etc., et al., Respondents-Respondents. 

Goldberg & Bokor, LLP, Cedarhurst (Todd Kammerman of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Daniel Joy of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about April 9, 2024, which denied the petition seeking to reverse, vacate, or annul a December 4, 2020 determination by respondents denying petitioner's application to correct an alleged clerical error related to the tax classification of its property, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 8, 2024, which, to the extent appealed from, denied petitioner's motion for leave to renew, unanimously affirmed, without costs.
Judgment (denominated an order), Supreme Court, New York County (Lori S. Sattler, J.), entered on or about August 8, 2024, which dismissed petitioner's Real Property Tax Law article 7 petition seeking to vacate a Tax Commission settlement agreement, and denied petitioner's motion to for leave to file an amended complaint and to convert the proceeding to a plenary action, unanimously affirmed, without costs.
In October 2020, petitioner executed a settlement agreement with the New York City Tax Commission which, among other things, expressly waived petitioner's right to further review of the assessment subject to that agreement, as well as prior assessments of petitioner's property. Petitioner agreed not to commence a proceeding to review current or prior assessments, which was broadly defined as any administrative and judicial action and proceeding. After executing the settlement agreement, petitioner filed an application with the Tax Commissioner to correct an alleged clerical error, the assessment and designation of the property. The Department of Finance denied the application for clerical error review, and in so doing, it did not refer to or rely on the settlement agreement. Even assuming for the sake of argument that respondents waived their right to rely on the settlement agreement to foreclose administrative review of the assessments, the court correctly concluded that the settlement agreement's clear terms foreclose judicial review of the assessments (see Matter of 174th TIC Owner LLC v Niblack, 231 AD3d 401, 402 [1st Dept 2024]; Matter of Oversight Mgt. Servs., LLC v Soliman, 220 AD3d 445, 446 [1st Dept 2023], lv denied 41 NY3d 910 [2024]; see also Matter of Fordham Hill Owners Corp. v Soliman, 237 AD3d 402, 405 [1st Dept 2025]). Settlement agreements are generally favored by the courts and we perceive no public policy or other reason for setting aside this agreement (see Oversight Mgt., 220 AD3d at 446).
Supreme Court providently exercised its discretion in denying petitioner's motion for leave to renew, finding that the purportedly new facts would not have changed the judgment (see CPLR 2221[e][2]). The new information, which primarily concerned whether respondents had relied on similar settlement agreements in other administrative proceedings, would not have altered the applicability of this settlement agreement to preclude judicial review (see Oversight Mgt., 220 AD3d at 446).
An RPTL article 7 proceeding is the proper method to challenge an assessment of real property (see Real Property Tax Law § 700). Here, petitioner sought to use the RPTL article 7 proceeding to vacate a settlement agreement. Supreme Court providently exercised its discretion in dismissing the RPTL article 7 petition because, and as petitioner does not dispute on appeal, the article 7 proceeding was not the proper route to pursue the relief sought.
Nor did the court improvidently exercise its discretion in denying the motion for leave to file an amended complaint and convert the proceeding to a plenary action as the proposed amended complaint failed to state a cause of action (see Dragons 516 Ltd. v GDC 138 E 50 LLC, 201 AD3d 463, 463 [1st Dept 2022]). The article 7 petition simply referred to petitioner's article 78 petition and the legal arguments set forth in that proceeding. In light of the article 78 judgment, petitioner's claim lacked merit. Moreover, given the fact that the amended pleading failed to state a cause of action, the article 7 proceeding was not dismissed solely due to improper form (see e.g. Matter of G.A.D. Holding Co. v City of N.Y. Dept. of Fin., Real Prop., 192 AD2d 441, 442 [1st Dept 1993]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 16, 2025