■ In the Matter of DEARBORN ASSOCIATES, Appellant, v ENVIRONMENTAL CONTROL BOARD, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Environmental Control Board which de-

nied the petitioner's request to open its default in appearing at a hearing on stated air pollution charges, the appeal is from a judgment of the Supreme Court, Kings County (Shaw, J.), entered December 7, 1987, which, *inter alia,* dismissed the petition.

Ordered that the judgment is affirmed, with costs.

We find that on the record before the Environmental Control Board, its decision to deny the petitioner's application to open its default in appearing at a hearing had a rational basis and was not arbitrary and capricious *(see, Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, *affd* 58 NY2d 952).

The petitioner had defaulted on three scheduled hearing dates and failed to submit documentary proof, as requested by the Environmental Control Board, of its newly raised claim that it did not own the premises at the time of the alleged violation. Such proof was only adduced upon the petitioner's reply papers before the Supreme Court. As disposition of the matter under a proceeding pursuant to CPLR article 78 is limited to the facts and record adduced before the agency when the administrative determination was rendered *(see, Matter of Levine v New York State Liq. Auth.,* 23 NY2d 863), the Supreme Court properly did not consider the proof dehors the record *(see, Matter of Fanelli v New York City Conciliation & Appeals Bd., supra,* at 757). Mollen, P. J., Brown, Kunzeman, Weinstein and Kooper, JJ., concur.