■ In the Matter of NINO INTERSIMONE, Respondent, v ALBERT APPLETON et al., Appellants. [646 NYS2d 59] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Environmental Control Board dated March 3, 1992, which denied the petitioner's request for a stay, pending an administrative hearing, of the enforcement of default judgments entered against him, the appeal is from a judgment of the Supreme Court, Kings County (Yoswein, J.), dated January 25, 1995, which, after a hearing, inter alia, vacated the default judgments, and dismissed the 64 notices of violations issued to the petitioner.

Ordered that the judgment is reversed, on the law, with costs, and the proceeding is dismissed.

From 1984 through 1991 the appellants issued at least 64 notices of violations of the Administrative Code of the City of New York to the petitioner. The petitioner failed to respond to any of those notices of violation, and notices of default were issued. Again, the petitioner failed to respond. After additional notices were issued, default judgments were entered, and the Sheriff sent out additional notices to the petitioner. On January 29, 1992, the Sheriff executed against the petitioner's cash register receipts. Only then, by letter from his attorney dated February 7, 1992, did the petitioner request a stay of the enforcement of the default judgments. The letter stated, in pertinent part: "The grounds for [the petitioner's] request is improper service and harassment by E.C.B. enforcement agents."

In the determination under review, dated March 3, 1992, that request was denied, on the ground that the petitioner did not give "sufficient explanation" of his failure to appear, and failed to apply for a stay of enforcement of the default judgments in a timely fashion.

The petitioner's request for a stay of enforcement, after

repeated defaults over a seven-year period, was based solely upon the unsworn and conclusory assertion by his attorney that he was "improperly served", and was being harassed by the appellants' enforcement agents. Absent a sworn denial from the petitioner that he was served, the appellants' denial of his request for a stay of enforcement without a hearing on service cannot be deemed arbitrary and capricious *(see, Sando Realty Corp. v Aris,* 209 AD2d 682, 687).

Further, the petitioner never claimed he had no notice of the violation proceedings pending against him. His claim of "harassment", which he claims dates back to 1988, indicates that he was well aware of those pending violation proceedings, yet he did nothing until the Sheriff levied on his property. Thus, the appellants' refusal to grant him a hearing, based upon conclusory assertions in an attorney's letter, was entirely reasonable. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.