■ In the Matter of SIRJU-KAR CORP., Respondent, v CITY OF NEW YORK et al., Appellants. [883 NYS2d 569]— In a proceeding pursuant to CPLR article 78 (1) to review a determination of the New York City Environmental Control Board dated December 3, 2007, denying the petitioner's application to vacate its defaults on violation Nos. 34393857K and 34508090L issued by the New York City Department of Buildings to a building located at 69 Kingston Avenue, Brooklyn, (2) to compel the New York City Environmental Control Board to give the petitioner an opportunity to be heard on "all violations" issued to the subject building, (3) to permit the petitioner to correct "the various violations" without penalty while awaiting hearings on the violations, and (4) to adjourn the hearing of "any violations" pending determination of the proceeding, the appeal is from a judgment of the Supreme Court, Kings County (Held, J.), dated July 2, 2008, which granted the petition, annulled the determination, and directed the New York City Environmental Control Board to give the petitioner an opportunity to be heard on "all violations" issued to the subject building, to permit the petitioner to correct "the various violations" without penalty while awaiting hearings on the violations, and to adjourn the

hearing of "any violations" pending determination of the proceeding.

Ordered that the judgment is modified, on the law, (1) by deleting the second decretal paragraph thereof directing the New York City Environmental Control Board to give the petitioner an opportunity to be heard on "all violations" issued to 69 Kingston Avenue, Brooklyn, and substituting therefor a provision directing the New York City Environmental Control Board to give the petitioner an opportunity to be heard on violation Nos. 34393857K and 34508090L, (2) by deleting the third decretal paragraph thereof directing Patricia Lancaster, Commissioner of the Department of Buildings, to permit the petitioner to correct "the various violations" without penalty while awaiting the hearings of such violations, and substituting therefor a provision directing Patricia Lancaster, Commissioner of the Department of Buildings, to permit the petitioner to correct violation Nos. 34393857K and 34508090L without penalty while awaiting the hearings on those violations, and (3) by deleting the fourth decretal paragraph thereof directing the New York City Environmental Control Board to adjourn the hearing of "any violations" pending determination of the proceeding; as so modified, the judgment is affirmed, without costs or disbursements.

The Supreme Court correctly annulled the determination denying the petitioner's application to vacate its defaults on violation Nos. 34393857K and 34508090L concerning the petitioner's property at 69 Kingston Avenue in Brooklyn, as the petitioner was not properly served with process (see NY City Charter § 1404 [d] [2] [a], [b]). However, the Supreme Court erred in directing the New York City Environmental Control Board to give the petitioner an opportunity to be heard on "all violations" issued to the subject building. There is no evidence in the record that the petitioner exhausted its administrative remedies with respect any violations other than violation Nos. 34393857K and 34508090L, or that resort to such administrative remedies would have been futile (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Matter of Laureiro v New York City Dept. of Consumer Affairs, 41 AD3d 717, 719 [2007]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.