■ In the Matter of DANIELLO CARTING Co., LLC, Respondent, v ENVIRONMENTAL CONTROL BOARD OF CITY OF NEW YORK et al., Appellants. [922 NYS2d 512]—

In a proceeding pursuant to CPLR article 78, inter alia, in effect, to review a determination of the respondent Environmental Control Board of the City of New York which denied the request of Daniello Carting Co., LLC, in a letter dated June 4, 2007, to vacate all of the default judgments entered on notices of violation issued to it and to compel the Environmental Control Board of the City of New York to conduct hearings on all of the notices of violation issued to Daniello Carting Co., LLC, the Environmental Control Board of the City of New York and the Business Integrity Commission of the City of New York appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Bayne, J.), dated January 29, 2010, as granted the petition to the extent of vacating the default judgments entered on notices of violation numbered 114040200, 123613537, 123620310, 134369108, 139548696, and 155617340 and directed the respondent Environmental Control Board of

the City of New York to conduct new hearings with respect to these notices of violation.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to vacate the default judgments entered on notices of violation numbered 114040200, 123613537, 123620310, 134369108, 139548696, and 155617340 is denied in its entirety, and the proceeding is dismissed on the merits.

The Supreme Court erred in granting the petition to the extent of vacating the default judgments entered on notices of violation numbered 114040200, 123613537, 123620310, 134369108, 139548696, and 155617340 issued to Daniello Carting Co., LLC (hereinafter Daniello Carting), and to schedule hearings on these notices.

Contrary to the contention of Daniello Carting, it was properly served by the respondent Environmental Control Board of City of New York (hereinafter the ECB) with the subject notices of violation in accordance with the New York City Charter § 1404 (d) (2) (a), in effect at the time that the notices were served, as evidenced by the affidavits of service submitted by ECB showing that Daniello Carting was personally served with each notice of violation pursuant to CPLR 311-a (*see Matter of Intersimone v Appleton*, 230 AD2d 742, 743 [1996]; *see e.g. Associates First Capital Corp. v Wiggins*, 75 AD3d 614 [2010]; *City of New York v Miller*, 72 AD3d 726, 727 [2010]; *Washington Mut. Bank v Holt*, 71 AD3d 670 [2010]; compare *Matter of Sirju-Kar Corp. v City of New York*, 64 AD3d 716, 717 [2009]). Daniello Carting failed to submit any affidavits attesting to specific facts contesting the allegations in the affidavits of service submitted by ECB. Furthermore, the allegations by Daniello Carting in its verified petition that it did not receive the notices of violation were insufficient to rebut the presumption of proper service (*see Matter of Intersimone v Appleton*, 230 AD2d 742 [1996]; *see e.g. Associates First Capital Corp. v Wiggins*, 75 AD3d 614 [2010]; *City of New York v Miller*, 72 AD3d 726 [2010]; *Washington Mut. Bank v Holt*, 71 AD3d 670 [2010]).

In addition, ECB's denial of Daniello Carting's request to vacate the default judgments entered and to conduct hearings with respect to the six subject notices of violation was not arbitrary and capricious when the request was made more than 30 days after order granting a default against Daniello Carting for its failure to appear at the scheduled hearing was mailed to Daniello Carting. Further, Daniello Carting failed to provide a reasonable excuse for its defaults as well as a basis for its potentially meritorious defense as required by title 15 of the

Rules of the City of New York § 31-83, which was in effect at the time that Daniello Carting submitted its request to ECB to vacate the defaults entered against it and when ECB denied that request with respect to those six notices of violation (*see* CPLR 7803 [3]; *Matter of James Simpson, Inc. v City of N.Y. Envtl. Control Bd.*, 252 AD2d 557 [1998]; *Matter of Dearborn Assoc. v Envtl. Control Bd.*, 144 AD2d 556, 556 [1988]; *see e.g. Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal*, 75 NY2d 206, 213 [1989]; *Matter of Salvati v Eimicke*, 72 NY2d 784 [1988]; *Matter of Rodriguez v County of Nassau*, 80 AD3d 702 [2011]).

In light of our determination, the remaining issues raised in the petition have been rendered academic. Accordingly, the petition should have been denied and the proceeding dismissed on the merits. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.