■ In the Matter of 1245-36 St, LLC, Respondent, v City of New York Environmental Control Board, Appellant. [10 NYS3d 551]—In a proceeding pursuant to CPLR article 78, in effect, to review determinations of the Environmental Control Board of the City of New York dated January 5, 2012, denying the requests of 1245-36 St, LLC, among others, to vacate the default judgments entered on respective notices of violation issued to them and to compel the Environmental Control Board of the City of New York to conduct new hearings on those notices of violation, the Environmental Control Board of the City of New York appeals, by permission, from an order of the Supreme Court, Kings County (Velasquez, J.), dated May 24, 2012, which, in effect, granted so much of the petition as sought, in effect, to vacate the default judgments entered on notices of violation numbered 141447644, 41470217M, 42092264X, 41392869R, 41524291L, 41491317M, 41751860M, 42092612N, 42132387J, 41673383H, and 41533683P, and directed new hearings on those notices of violation.

Ordered that the order is reversed, on the law, with costs, and so much of the petition as sought, in effect, to vacate the default judgments entered on notices of violation numbered 141447644, 41470217M, 42092264X, 41392869R, 41524291L, 41491317M, 41751860M, 42092612N, 42132387J, 41673383H, and 41533683P is denied.

The Supreme Court should have denied so much of the petition as sought to vacate the default judgment entered on notice of violation No. 141447644, as the appellant issued that notice of violation to "Loffler, Judea a/k/a Jud" in his individual capacity, and the petitioner lacked standing to assert a claim on his behalf (*see Matter of Galvani v Nassau County Police Indem. Review Bd.*, 242 AD2d 64, 68 [1998]).

In any event, with respect to all of the notices of violation at issue on appeal, the petitioner failed to demonstrate that the appellant's determinations to deny the requests, in effect, to vacate the default judgments entered on those notices of violation lacked a rational basis or were arbitrary and capricious (*see Matter of Vataksi v Environmental Control Bd.*, 107 AD3d

905, 906 [2013]; *see also Matter of Dearborn Assoc. v Envtl. Control Bd.*, 144 AD2d 556, 557 [1988]). Accordingly, the Supreme Court should have denied so much of the petition as sought relief pertaining to those notices of violation (*see Matter of Vataksi v Environmental Control Bd.*, 107 AD3d at 906). Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.