■ In the Matter of NEW YORK YOUTH CLUB, Appellant, v NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, Respondent. [15 NYS3d 199]—

In a proceeding pursuant to CPLR article 78 to review certain determinations of the New York City Environmental Control Board dated May 25, 2012, denying the petitioner's application to vacate certain default orders entered on 230 notices of violation issued to it and to compel the New York City Environmental Control Board to conduct hearings on all 461 notices of violation issued to it, the petitioner appeals from a judgment of the Supreme Court, Queens County (Siegal, J.), entered April 9, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying so much of the petition as was to vacate the default orders entered with respect to 230 of the notices of violation, and substituting therefor a provision granting that portion of the petition and annulling so much of the determination dated May 25, 2012, as relates to those 230 notices of violation, and remitting the matter to the New York City Environmental Control Board for a hearing with respect those 230 notices of violation issued to the petitioner; as so modified, the judgment is affirmed, without costs or disbursements.

The New York City Environmental Control Board (hereinafter the ECB) issued 461 notices of violation (hereinafter the NOVs) to the petitioner, alleging that the petitioner unlawfully posted handbills in violation of Administrative Code of the City of New York § 10-119. When the petitioner failed to appear at the various violation hearings, the ECB found the petitioner in default, issued 461 default orders, and imposed a penalty totaling approximately $100,000.

Several months later, the petitioner submitted an application for a new hearing with respect to 230 of the NOVs, contending that its defaults should be vacated because it had

not received those NOVs. In a determination dated May 25, 2012, the ECB denied the petitioner's request as untimely.

The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review the ECB's determination denying its application to vacate the default orders, and to remit the matter to the ECB for a hearing with respect to all 461 NOVs. The Supreme Court denied the petition. The court found that, with regard to 231 of the default orders, the petitioner had failed to exhaust its administrative remedies. The court also found that, with regard to the remaining 230 default orders, the ECB had demonstrated proper service of the NOVs and the default orders. The court found, in effect, that the petitioner had failed to demonstrate a violation of lawful procedure or that the ECB's determination was arbitrary and capricious or an abuse of discretion (*see generally Matter of Ward v City of Long Beach*, 20 NY3d 1042, 1043 [2013]). The petitioner appeals. We modify.

The Supreme Court properly determined that the petitioner failed to exhaust its administrative remedies with respect to the 231 NOVs that were not challenged by the petitioner by way of a request submitted to the ECB for a new hearing (*see* 48 RCNY 3-82 [a]). It is only once the petitioner submits such a request, and it is denied, that the agency has rendered its final decision, which may then be reviewed by way of a CPLR article 78 proceeding (*see* 48 RCNY 3-82 [f]). There is no evidence in the record that the petitioner exhausted its administrative remedies with respect to these 231 NOVs, or that any exception to the exhaustion of administrative remedies requirement would apply (*see Matter of Vataksi v Environmental Control Bd.*, 107 AD3d 905 [2013]; *Matter of Sirju-Kar Corp. v City of New York*, 64 AD3d 716, 717 [2009]; *see generally Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]).

The New York City Charter states that NOVs of matters overseen by the ECB must be "served in the same manner as is prescribed for service of process by [CPLR article 3] or [Business Corporation Law article 3]" (NY City Charter § 1049-a [d] [2] [a]; *see Matter of First Horizon Home Loans v New York City Envtl. Control Bd.*, 118 AD3d 875, 877 [2014]). Among four enumerated exceptions to this provision is one upon which the ECB relied here, New York City Charter § 1049-a (d) (2) (a). That section of the Charter provides that the ECB may serve a notice of violation of Administrative Code of the City of New York § 10-119 by certified mail, return receipt requested, to the alleged violator's last known business address, "provided

that delivery of such notice shall be restricted to the respondent [the petitioner herein]" (NY City Charter § 1049-a [d] [2] [a] [iv]).

Here, the affidavits of service with respect to the 230 challenged NOVs do not demonstrate, as the ECB contended and the Supreme Court found, that any of the NOVs was served by certified mail as required by New York City Charter § 1049-a (d) (2) (a) (iv). Indeed, the affidavits of service merely state on their face that the 230 NOVs were "mailed . . . to each respondent indicated . . . at the additional address(es) which is indicated on the [NOV] by enclosing and sealing [copies of the NOVs] in post paid envelopes properly addressed . . . and depositing them into a depository maintained under the exclusive control of the United States Post Office." We note that not only is there no indication of a certified mailing on the face of these affidavits of service, but further, there is no indication that delivery of these mailings was restricted to the petitioner (*see* NY City Charter § 1049-a [d] [2] [a] [iv]; *see generally Matter of First Horizon Home Loans v New York City Envtl. Control Bd.*, 118 AD3d at 877; *Matter of Wilner v Beddoe*, 102 AD3d 582 [2013]). Accordingly, the Supreme Court erred in denying the petition with respect to the 230 challenged NOVs.

We therefore grant so much of the petition and annul so much of the determination dated May 25, 2012, as relates to the 230 challenged NOVs, and remit the matter to the ECB for a hearing with respect those 230 NOVs issued to the petitioner. Mastro, J.P., Austin, Cohen and Barros, JJ., concur.