■ LAURIE SCARANO, Respondent, v STEVEN SCARANO, Appellant. [880 NYS2d 682]—

In a matrimonial action in which the parties were divorced by judgment entered December 15, 1999, the defendant father appeals from an order of the Supreme Court, Nassau County (Stack, J.), dated December 15, 2007, which, inter alia, granted the motion of the plaintiff mother to hold him in contempt for failure to comply with the child support provisions contained in the parties' so-ordered agreement dated February 28, 2005, directed his incarceration for a period of 90 days in the Nassau County Correctional Facility, and permitted him to purge himself of the contempt by making payments in accordance with a schedule.

Ordered that the order is affirmed, without costs or disbursements.

The defendant argues that the trial court should have granted an evidentiary hearing to determine whether he had been personally served with the order to show cause and motion papers upon which the finding of contempt was made. We disagree. A process server's affidavit of service constitutes prima facie evidence of proper service (*see Matter of de Sanchez*, 57 AD3d 452, 454 [2008]; *NYCTL 1997-1 Trust v Nillas*, 288 AD2d 279 [2001]). Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing (*see Skyline Agency v Coppotelli, Inc.*, 117 AD2d 135, 139 [1986]), no hearing is required where the defendant fails to swear to "specific facts to rebut the statements in the process server's affidavits" (*Simonds v Grobman*, 277 AD2d 369, 370 [2000]). Here, the defendant's affidavit was insuf-

ficient. Since he never denied the specific facts contained in the process server's affidavit, no hearing was required.

The defendant's remaining contentions are without merit. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.