■ In the Matter of ZULEYKA D., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES et al., Respondents; DEXTER D. et al., Appellants. (Proceeding No. 1.) In the Matter of JALEYA ANN D., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES et al., Respondents; DEXTER D. et al., Appellants. (Proceeding No. 2.) In the Matter of DERRICK D., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES et al., Respondents; DEXTER D. et al., Appellants. (Proceeding No. 3.) In the Matter of MAUREE D., Also Known as NYREE D., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES et al., Respondents; DEXTER D. et al., Appellants. (Proceeding No. 4.) In the Matter of DEXTER ANTHONY D., JR., an Infant. ADMINISTRATION FOR CHILDREN's SERVICES et al., Respondents; DEXTER D. et al., Appellants. (Proceeding No. 5.)

[893 NYS2d 772]

We have reviewed the record and agree with assigned counsel for the mother that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *Matter of Robert David L.,* 16 AD3d 508 [2005]).

To vacate the order of fact-finding and disposition, the father was required to show that there was a reasonable excuse for his default and a meritorious defense (*see Matter of Francisco R.,* 19 AD3d 502 [2005]). The father did not make the requisite showing (*see Matter of Cassidy Sue R.,* 58 AD3d 744 [2009]).

The father's remaining contentions are either unpreserved for appellate review or without merit. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.