■ CITY OF NEW YORK et al., Respondents, v DARREN MILLER et al., Appellants. [898 NYS2d 643]—

In an action, inter alia, to impose penalties for illegal dumping, the defendants appeal from (1) an order of the Supreme Court, Kings County (Rothenberg, J.), dated June 27, 2008, which denied their motion, inter alia, to vacate a temporary restraining order dated April 10, 2008, and a preliminary injunction dated April 11, 2008, entered on their default, based on lack of personal jurisdiction, and (2) an order of the same court dated November 21, 2008, which denied their motion to dismiss

the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction.

Ordered that the orders are affirmed, with one bill of costs.

The Supreme Court properly denied, without a hearing, the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction. The affidavits of the process servers constituted prima facie evidence of proper service pursuant to CPLR 308 (4) (*see Scarano v Scarano*, 63 AD3d 716, 716 [2009]; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983, 983 [2008]; *425 E. 26th St. Owners Corp. v Beaton*, 50 AD3d 845, 846 [2008]; *Simonds v Grobman*, 277 AD2d 369, 370 [2000]). Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by a process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits (*see Scarano v Scarano*, 63 AD3d at 716; *Simonds v Grobman*, 277 AD2d at 370). Here, the defendants' bare denial of service was insufficient to rebut the prima facie proof of proper service pursuant to CPLR 308 (4) created by the process servers' affidavits and to necessitate a traverse hearing (*see Scarano v Scarano*, 63 AD3d at 716; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d at 983; *425 E. 26th St. Owners Corp. v Beaton*, 50 AD3d at 846; *Simonds v Grobman*, 277 AD2d at 370).

The Supreme Court also properly denied the defendants' motion, inter alia, to vacate a temporary restraining order and preliminary injunction based on lack of proper service of the order to show cause. "The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (*Matter of El Greco Socy. of Visual Arts, Inc. v Diamantidis*, 47 AD3d 929, 929 [2008]; *see Matter of Del Villar v Vekiarelis*, 59 AD3d 642, 643 [2009]; *Matter of Master v Pohanka*, 43 AD3d 478, 480 [2007], *affd* 10 NY3d 620 [2008]; *Matter of Hennessey v DiCarlo*, 21 AD3d 505, 505 [2005]). Here, the express terms of the order to show cause required the plaintiffs to serve the order to show cause and other papers on the defendants as well as their attorneys. However, while it is undisputed that attorney Vincent M. Gerardi represented the defendants in a related but separate and independent action, and that the plaintiffs were aware of that action, it is also undisputed that, in the instant action, as of the time the plaintiffs were required to serve the order to show cause, no attorney had appeared on behalf of the defendants (*see generally* CPLR 320 [a]; 321 [a]). CPLR 2103 (c) expressly provides that,

if a party has not appeared by an attorney, service shall be upon the party. Thus, notwithstanding the language directing service in the order to show cause, the plaintiffs were not required to serve Gerardi with the order to show cause merely because he represented the defendants in a separate and independent, if not entirely unrelated, action, where neither he nor any other attorney had appeared on behalf of the defendants in this action (*see Long v Long*, 196 Misc 982, 984 [1949]).

The defendants' remaining contentions are without merit. Covello, J.P., Miller, Dickerson and Belen, JJ., concur. **[Prior Case History: 20 Misc 3d 1117(A), 2008 NY Slip Op 51374(U).]**