(July 27, 2010)

■ ASSOCIATES FIRST CAPITAL CORPORATION, Respondent, v R. JONATHAN WIGGINS et al., Appellants. DAVID D. DeROSA et al., Nonparty Respondents. [904 NYS2d 668]—

In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated April 27, 2009, which, without a hearing, denied their motion to vacate a judgment of foreclosure and sale of the same court entered March 13, 2008, setting aside the sale of the real property, and to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court properly denied, without a hearing, inter alia, that branch of the defendants' motion which was to dismiss the complaint for lack of personal jurisdiction. "A process server's affidavit of service constitutes prima facie evidence of proper service" (*Scarano v Scarano*, 63 AD3d 716, 716 [2009]). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing (*see Skyline Agency v Coppotelli, Inc.*, 117 AD2d 135,

139 [1986]), no hearing is required where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits' " (*Scarano v Scarano*, 63 AD3d at 716, quoting *Simonds v Grobman*, 277 AD2d 369, 370 [2000]). Here, since the defendants' affidavits amounted to no more than bare and conclusory denials of service which were insufficient to rebut the prima facie proof of proper service pursuant to CPLR 308 (1) and (2) created by the process server's affidavit, no hearing was required (*see City of New York v Miller*, 72 AD3d 726 [2010]; *Scarano v Scarano*, 63 AD3d at 716; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983, 983 [2008]; *425 E. 26th St. Owners Corp. v Beaton*, 50 AD3d 845, 846 [2008]; *Simonds v Grobman*, 277 AD2d 369, 370 [2000]).

The defendants' remaining contentions are either without merit or not properly before this Court. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.