■ TIKVAH ENTERPRISES, LLC, Respondent, v SAMUEL NEUMAN, Appellant, et al, Defendants. [915 NYS2d 508]—

In an action to foreclose a mortgage, the defendant Samuel Neuman appeals from (1) an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated January 29, 2009, which, inter alia, granted that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the plaintiff's time to serve him with the summons and complaint, and (2) an order of the same court (King, J.), dated October 23, 2009, which denied his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.

Ordered that the orders are affirmed, with one bill of costs.

Under the circumstances of this case, the Supreme Court did

not improvidently exercise its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend its time to serve the defendant Samuel Neuman (hereinafter the defendant) with the summons and complaint. A consideration of the relevant factors, as revealed in the record, supported the extension (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]; *Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 31-32 [2009]; *see also Earle v Valente*, 302 AD2d 353, 354 [2003]; *Seon Uk Lee v Corso*, 300 AD2d 385, 386 [2002]; *Citron v Schlossberg*, 282 AD2d 642 [2001]).

Moreover, the Supreme Court properly denied, without a hearing, the defendant's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. A process server's affidavit of service constitutes prima facie evidence of proper service (*see Associates First Capital Corp. v Wiggins*, 75 AD3d 614 [2010]; *Scarano v Scarano*, 63 AD3d 716 [2009]). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing . . . no hearing is required where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits' " (*Scarano v Scarano*, 63 AD3d at 716, quoting *Simonds v Grobman*, 277 AD2d 369, 370 [2000]; *see Associates First Capital Corp. v Wiggins*, 75 AD3d at 614-615; *City of New York v Miller*, 72 AD3d 726, 727 [2010]). Here, the defendant never denied the specific facts contained in the process server's affidavits. Accordingly, no hearing was required (*see Scarano v Scarano*, 63 AD3d at 716-717; *Roberts v Anka*, 45 AD3d 752, 754 [2007]).

The defendant's remaining contentions are without merit or need not be reached in light of our determination. Covello, J.P., Dickerson, Hall and Lott, JJ., concur.