■ In the Matter of TRACY B. DAVIS, Appellant, v AYERONDE C. DAVIS, Respondent. [923 NYS2d 633]—

In related custody proceedings pursuant to Family Court Act

article 6, the mother appeals from an order of the Family Court, Kings County (Hepner, J.), dated October 27, 2009, which, inter alia, denied her motion to vacate her default in responding to the father's petition to modify a prior order of custody dated August 16, 2007, to vacate an order of the same court dated November 18, 2008, granting the father's petition, and for a hearing on the issue of whether service was properly effected upon her pursuant to Family Court Act § 617.

Ordered that the order dated October 27, 2009, is affirmed, without costs or disbursements.

" 'Generally, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service' " (*Engel v Boymelgreen*, 80 AD3d 653, 654 [2011], quoting *Washington Mut. Bank v Holt*, 71 AD3d 670, 670 [2010]; *see Tikvah Enters., LLC v Neuman*, 80 AD3d 748, 749 [2011]; *City of New York v Miller*, 72 AD3d 726, 727 [2010]). However, where a defendant submits a sworn denial of receipt of papers that allegedly were served, which contains specific facts to rebut the statements in the process server's affidavit, it is generally sufficient to rebut the presumption of proper service, and necessitates an evidentiary hearing (*see Engel v Boymelgreen*, 80 AD3d at 654; *Tikvah Enters., LLC v Neuman*, 80 AD3d at 749; *City of New York v Miller*, 72 AD3d at 727). Here, the mother's bare denial of service was insufficient to rebut the prima facie proof of proper service of the summons and petition established by the process server's affidavit. Accordingly, the Family Court properly determined that no hearing was warranted (*see Tikvah Enters., LLC v Neuman*, 80 AD3d at 749; *City of New York v Miller*, 72 AD3d at 727).

" 'The determination whether to relieve a party of an order entered upon his or her default is a matter left to the sound discretion of the Family Court' " (*Matter of Cassidy Sue R.*, 58 AD3d 744, 745 [2009], quoting *Matter of Francisco R.*, 19 AD3d 502 [2005]; *see Matter of Tenisha Tishonda T.*, 302 AD2d 534, 534 [2003]), and a party seeking to vacate an order entered upon his or her default must establish that there was a reasonable excuse for the default and a potentially meritorious defense to the relief sought in the petition (*see Matter of Zuleyka D. [Dexter D.]*, 69 AD3d 850, 851 [2010]; *Matter of Francisco R.*, 19 AD3d at 502).

Here, the Family Court providently exercised its discretion in denying those branches of the mother's motion which were to vacate her default in opposing the father's petition to modify a prior custody order and to vacate the order of custody entered

upon her default in appearing, inasmuch as she failed to demonstrate a reasonable excuse for the default and a potentially meritorious defense to the relief sought in the petition (*see Matter of Dominique Beyonce R. [Maria Isabel R.]*, 82 AD3d 984 [2011]; *Matter of Cassidy Sue R.*, 58 AD3d 744 [2009]; *Gorsky v Gorsky*, 148 AD2d 674, 674-675 [1989]). Prudenti, P.J., Angiolillo, Dickerson and Roman, JJ., concur.