■ In the Matter of FERNANDO ROMERO, Respondent, v YHEIZZI RAMIREZ, Appellant. [955 NYS2d 353]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Joseph, J.), dated November 3, 2011, which, upon her default in answering or appearing, and, in effect, upon the denial of her motion to dismiss the petition for lack of personal jurisdiction, granted the father's petition for custody of the parties' child.

Ordered that the order is affirmed, without costs or disbursements.

"[N]otwithstanding the prohibition set forth in CPLR 5511 against an appeal from an order or judgment entered upon the default of the appealing party, the appeal from the order brings up for review those 'matters which were the subject of contest' before the [Family] Court" (*Tun v Aw*, 10 AD3d 651, 652 [2004], quoting *James v Powell*, 19 NY2d 249, 256 n 3 [1967]; *see Matter of Branch v Cole-Lacy*, 96 AD3d 741, 742 [2012]). Since the issue of whether the Family Court had personal jurisdiction over the mother was the subject of contest, it is brought up for review on this appeal (*see James v Powell*, 19 NY2d at 256 n 3).

The mother contends that service of process upon her in Ecuador had to be made pursuant to the procedures set forth in the Inter-American Convention on Letters Rogatory (*see* 28 USC § 1781). Contrary to the mother's contention, however, "the Inter-American Convention permits alternate methods of service and . . . its procedures are not the exclusive means of service of process on defendants residing in a signatory nation" (*Laino v Cuprum S.A. de C.V.*, 235 AD2d 25, 29 [1997]). Accordingly, personal service upon the mother pursuant to state statute was acceptable (*see id.*; *see also Morgenthau v Avion Resources Ltd.*, 11 NY3d 383, 391 [2008]).

The mother argues, alternatively, that the Family Court was required to hold a hearing on the issue of service. " 'Generally, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service' " (*Engel v Boymelgreen*, 80 AD3d 653, 654 [2011], quoting *Washington Mut. Bank v Holt*, 71 AD3d 670, 670 [2010]; *see Tikvah Enters., LLC v Neuman*, 80 AD3d 748, 749 [2011]). "Although a [party's] sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the [party] fails to swear to 'specific facts to rebut the statements in the process server's affidavits' " (*Scarano v Scarano*, 63 AD3d 716 [2009], quoting *Simonds v Grobman*, 277 AD2d 369, 370 [2000];

*see Tikvah Enters., LLC v Neuman,* 80 AD3d at 749). Here, the mother's bare denial of service was insufficient to rebut the prima facie proof of proper service established by the process server's affidavit (*see Tikvah Enters., LLC v Neuman,* 80 AD3d at 749; *Scarano v Scarano,* 63 AD3d at 716). Accordingly, the Family Court properly determined that no hearing was warranted (*see Tikvah Enters., LLC v Neuman,* 80 AD3d at 749). Skelos, J.P., Angiolillo, Dickerson and Hall, JJ., concur.