■ NYCTL 2009-A TRUST et al., Respondents, v DEMETRIOS TSAFATINOS et al., Appellants, et al., Defendants. [956 NYS2d 571]—

In this action to foreclose on a tax lien that arose as a result of the appellants' failure to pay certain sewer rents, sewer surcharges, and water rents, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law by submitting proof that the appellants had made no payments on the subject tax lien (*see NYCTL 1996-1 Trust v Orit Diagnostic Ctr., Inc.*, 19 AD3d 668 [2005]; *NYCTL 1996-1 Trust v Westmoreland Assoc.*, 2 AD3d 811, 812 [2003]). In opposition, the appellants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Any challenges the appellants may have had to the bills or charges that resulted in the lien are subject to the exhaustion rule, requiring that "one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]). Since the appellants failed to pursue the available administrative remedies (*see* 15 RCNY ch 42, Appendix A, part IX, § 2), and none of the exceptions to the exhaustion doctrine applies here (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57; *17 Fortune Corp. v Town of Babylon*, 96 AD3d 929, 929-930 [2012]; *Town of Oyster Bay v Kirkland*, 81 AD3d 812, 815 [2011], *affd* 19 NY3d 1035 [2012]), the appellants were precluded from challenging the amounts of the charges in this action (*see NYCTL 1998-2 Trust v T. Jan Realty Corp.*, 63 AD3d 810, 811 [2009]). In any event, "any dispute as to the amount of the lien may be resolved after a reference pursuant to RPAPL 1321" (*NYCTL 1999-1 Trust v Stark*, 21 AD3d 402, 403 [2005]).

The Supreme Court properly denied, without a hearing, that branch of the appellants' cross motion which was to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. " 'A process server's affidavit of service constitutes prima facie evidence of proper service' " (*Countrywide Home Loans Servicing, LP v Albert*, 78 AD3d 983, 984 [2010], quoting

*Scarano v Scarano*, 63 AD3d 716, 716 [2009]; *see Tikvah Enters., LLC v Neuman*, 80 AD3d 748, 749 [2011]; *Associates First Capital Corp. v Wiggins*, 75 AD3d 614 [2010]). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing (*see Skyline Agency v Coppotelli, Inc.*, 117 AD2d 135, 139 [1986]), no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (*Countrywide Home Loans Servicing, LP v Albert*, 78 AD3d at 984-985 [internal quotation marks and some citations omitted]; *see Tikvah Enters., LLC v Neuman*, 80 AD3d at 749; *Associates First Capital Corp. v Wiggins*, 75 AD3d at 614; *Scarano v Scarano*, 63 AD3d at 716; *Simonds v Grobman*, 277 AD2d 369, 370 [2000]).

Here, the affidavit by the appellant Stamatiki Tsafatinos amounted to no more than bare and conclusory denials of service which were insufficient to rebut the prima facie proof of proper service pursuant to CPLR 308 (1) and (2) created by the process server's affidavits (*see Citimortgage, Inc. v Phillips*, 82 AD3d 1032, 1033 [2011]; *Associates First Capital Corp. v Wiggins*, 75 AD3d at 615; *Chemical Bank v Darnley*, 300 AD2d 613, 613 [2002]; *Simonds v Grobman*, 277 AD2d at 370).

The appellants' remaining contentions are improperly raised for the first time on appeal (*see NYU Hosp. for Joint Diseases v Country Wide Ins. Co.*, 84 AD3d 1043, 1044 [2011]; *Boddie-Willis v Marziliano*, 78 AD3d 978, 979 [2010]; *Gartner v Unified Windows, Doors & Siding, Inc.*, 68 AD3d 815, 816 [2009]; *KPSD Mineola, Inc. v Jahn*, 57 AD3d 853, 854 [2008]). Dillon, J.P., Leventhal, Austin and Miller, JJ., concur.