■ BANK OF NEW YORK, Respondent, v ANDREA SAMUELS, Appellant, et al., Defendants. [968 NYS2d 93]—

In an action to foreclose a mortgage, the defendant Andrea Samuels appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered August 18, 2011, which denied, without a hearing, her motion pursuant to CPLR 5015 and 317 to vacate a judgment of foreclosure and sale of the same court (Nicolai, J.), dated September 24, 2008, upon her default in answering or appearing.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, the Supreme Court properly denied, without a hearing, that branch of her motion which was pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale. The process server's affidavits of service constituted prima facie evidence that the appellant was validly served pursuant to CPLR 308 (2) (*see US Consults v APG, Inc.*, 82 AD3d 753, 753 [2011]; *Bank of N.Y. v Segui*, 68 AD3d 908, 909 [2009]; *Hamlet on Olde Oyster Bay Homeowners Assn., Inc. v Ellner*, 57 AD3d 732, 732 [2008]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343-344 [2003]). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits'" (*Scarano v Scarano*, 63 AD3d 716, 716 [2009] [cita-

tion omitted], quoting *Simonds v Grobman*, 277 AD2d 369, 370 [2000]; *see Matter of Romero v Ramirez*, 100 AD3d 909 [2012]; *Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d 763 [2012]; *Tikvah Enters., LLC v Neuman*, 80 AD3d 748, 749 [2011]). Since the appellant never denied the specific facts contained in the process server's affidavit, no hearing was required (*see Christiana Bank & Trust Co. v Eichler*, 94 AD3d 1170, 1170-1171 [2012]; *cf. Toyota Motor Credit Corp. v Lam*, 93 AD3d 713, 714 [2012]; *Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 589 [2009]). Moreover, insofar as the appellant moved pursuant to CPLR 5015 (a) (1) to vacate her default, she " 'failed to establish a reasonable excuse for [her] default since the only excuse [she] proffered was that [she] was not served with process' " (*Reich v Redley*, 96 AD3d 1038, 1039 [2012], quoting *Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 221 [2011]).

Similarly, the appellant was not entitled to relief under CPLR 317 since she failed to demonstrate that she did not receive actual notice of the summons and complaint in time to defend (*see Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]; *393 Lefferts Partners, LLC v New York Ave. at Lefferts, LLC*, 68 AD3d 976, 977 [2009]). "The mere denial of receipt of the summons and complaint is . . . insufficient 'to establish lack of actual notice for the purpose of CPLR 317' " (*Wassertheil v Elburg, LLC*, 94 AD3d at 754, quoting *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1081-1082 [2011]; *see Burekhovitch v Tatarchuk*, 99 AD3d 653 [2012]). Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.