In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated June 22, 2011, which granted the motion of the defendant Johnny Ferreira, in effect, pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court entered February 6, 2009, upon his failure to appear or answer the complaint, to set aside the foreclosure sale of the subject property pursuant to the judgment, and, in effect, to dismiss the complaint insofar as asserted against that defendant for lack of personal jurisdiction.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Johnny Ferreira is denied.
A process server’s affidavit of service constitutes prima facie evidence of proper service (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897 [2013]; Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589 [2009]; Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984 [2010]). “Although a defendant’s sworn denial of receipt of service generally rebuts the presumption of proper service established by a process server’s affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server’s affidavits” (City of New York v Miller, 72 AD3d 726, 727 [2010]; see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897; US Natl. Bank Assn. v Melton, 90 AD3d 742, 743 [2011]).
Here, the affidavit of service indicating that the respondent was served pursuant to CPLR 308 (2) by delivery of the papers to a person of suitable age and discretion was insufficient on its face to establish, prima facie, that the respondent was validly served pursuant to that section. However, a second affidavit of service constituted prima facie evidence of proper service of the summons and complaint pursuant to CPLR 308 (1) (see Reich v Redley, 96 AD3d 1038 [2012]), and of proper service of the notice required by Real Property Actions and Proceedings Law § 1303 (see U.S. Bank N.A. v Tate, 102 AD3d 859 [2013]). The respondent’s bare and unsubstantiated denial of service lacked the factual specificity and detail required to rebut the prima facie proof of proper service set forth in that affidavit of service (see ACT Props., LLC v Garcia, 102 AD3d 712, 713 [2013]; Scarano v Scarano, 63 AD3d 716, 716-717 [2009]).
*720 The parties’ remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the respondent’s motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale entered upon his failure to appear or answer the complaint, to set aside the foreclosure sale of the property, and, in effect, to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. Dillon, J.E, Roman, Miller and Hinds-Radix, JJ., concur.