Stones Funding, LLC, as Successor in Interest to BK ENTERPRISES, INC., Appellant, 
against
Ali A. Korin, Doing Business as AIRPORT DELI AND GROCERY, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered February 18, 2015. The order, upon a motion by defendant to vacate a default judgment and dismiss the complaint, or, in the alternative, to set the matter down for a traverse hearing, vacated the default judgment and dismissed the complaint.




ORDERED that the order is reversed, without costs, and defendant's motion is granted only to the extent of setting the matter down for a traverse hearing.
On January 26, 2012, plaintiff commenced this action to recover the unpaid balance of a loan that plaintiff had made to defendant on or about February 1, 2006. After defendant failed to appear or answer, a default judgment in the principal sum of $11,500 was entered against him on November 12, 2014. On December 24, 2014, defendant moved to vacate the default judgment and to dismiss the complaint or, in the alternative, to set the matter down for a traverse hearing, on the ground that defendant had never been served with the pleadings in this action. In his supporting affidavit, defendant noted that the affidavit of service stated that, on February 9, 2012, the summons and endorsed complaint had been served on "Ali A. Korin d/b/a Airport Deli and Grocery at 140-09 Rockaway Blvd., Jamaica, NY," by delivery to "John Doe, Store Manager of Ali A. Korin d/b/a Airport Deli and Grocery at 140-09 Rockaway Blvd., Jamaica, NY, a person of suitable age and discretion," and that the premises were "Ali A. Korin d/b/a Airport Deli and Grocery's usual place of business within the state." Korin claimed that Airport Deli and Grocery had been out of business since August 2006. By order entered February 18, 2015, the Civil Court (Cheree A. Buggs, J.) vacated the default judgment, on the ground that no jurisdiction had been obtained over defendant, and dismissed the complaint.
"Generally, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Washington Mut. Bank v Holt, 71 AD3d 670, 670 [2010]; see Associates First Capital Corp. v Wiggins, 75 AD3d 614 [2010]; City of New York v Miller, 72 AD3d 726, 727 [2010]; Scarano v Scarano, 63 AD3d 716, 716 [2009]). However, a defendant's sworn denial of receipt of service, containing specific facts to rebut the statements in the process server's affidavit, "generally rebuts the presumption of proper service established by a process server's affidavit and necessitates an [*2]evidentiary hearing" (City of New York v Miller, 72 AD3d at 727; see Associates First Capital Corp. v Wiggins, 75 AD3d 614; Washington Mut. Bank v Holt, 71 AD3d 670; Scarano v Scarano, 63 AD3d 716; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343 [2003]).
Here, defendant's affidavit contained a nonconclusory denial of service sufficient to rebut the process server's affidavit and warrant a traverse hearing, regarding whether service was properly effectuated upon defendant. However, instead, the Civil Court improperly resolved the issue of service of process on the basis of the conflicting affidavits (see Ananda Capital Partners v Stav Elec. Sys. [1994], 301 AD2d 430 [2003]; Anello v Barry, 149 AD2d 640 [1989]; see also 10 E. End Ave. Owners, Inc. v Gordon, 23 Misc 3d 139[A], 2009 NY Slip Op 50959[U] [App Term, 1st Dept 2009]). Accordingly, the order is reversed and defendant's motion is granted only to the extent of setting the matter down for a traverse hearing.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: July 13, 2016