63rd Street Realty, LLC, Respondent, 
against
Juliya Yanush, Appellant.




Detoffol & Associates (David J. Detoffol of counsel), for appellant.
Gutman, Mintz, Baker & Sonnenfeldt, P.C. (Daniella Grossman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered April 19, 2016. The order denied defendant's motion to vacate a judgment of that court entered April 13, 2012 upon her failure to appear or answer the complaint.




ORDERED that the order is reversed, without costs, and the matter is remitted to the Civil Court for a new determination, following a traverse hearing, of defendant's motion to vacate the judgment entered April 13, 2012.
Plaintiff commenced this action by summons and complaint filed on November 25, 2011, seeking damages based upon an alleged breach of a lease agreement. The affidavit of service avers that service was effectuated by leaving the papers with a person of "suitable age and discretion" on December 5, 2011, at an address on West 8th Street in Brooklyn, with mailing accomplished the same day; states that "[s]aid premises is recipients [sic] . . . dwelling house"; and goes on to describe the person served as a black female with black hair, five-feet-five-inches in height, more than 150 pounds and wearing "civilian clothes." Defendant failed to appear or answer the complaint, and a judgment was entered against her in the total sum of $13,056.73. Defendant subsequently moved to vacate the default judgment, asserting that she was never served. In an affirmation in opposition to defendant's motion, plaintiff's counsel annexed several exhibits, including an "Affidavit of Mailing of Additional Notice of Suit," which avers that the summons and complaint had been mailed by the affiant on September 9, 2011 to the same address at which substituted service had been made. The Civil Court denied defendant's motion.
Ordinarily, a process server's affidavit of service which is proper on its face establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service (see Associates First Capital Corp. v Wiggins, 75 AD3d 614 [2010]; City of New York v Miller, 72 AD3d 726 [2010]; Washington Mut. Bank v Holt, 71 AD3d 670 [2010]; Scarano v [*2]Scarano, 63 AD3d 716 [2009]), and a conclusory assertion that service was not effectuated is insufficient to rebut the presumption of proper service (see Montefiore Med. Ctr. v Auto One Ins. Co., 57 AD3d 958 [2008]). However, plaintiff's affidavit of service is not proper on its face, because it asserts that service was made at the dwelling of the "recipient," whose physical characteristics and clothing it describes, but does not state that it was made at the dwelling of defendant. In addition, the affidavit of mailing of the additional notice avers a date of mailing which was over two months earlier than the date that the action was commenced. 
Accordingly, the order is reversed and the matter is remitted to the Civil Court for a new determination, following a traverse hearing, of defendant's motion to vacate the default judgment.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 23, 2018