Wells Fargo Bank, NA v Johnston (2019 NY Slip Op 06429)





Wells Fargo Bank, NA v Johnston


2019 NY Slip Op 06429


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-05032
 (Index No. 15349/11)

[*1]Wells Fargo Bank, NA, etc., respondent,
v
Glen Johnston, et al., appellants, et al., defendants.


Michael G. McAuliffe, Melville, NY (Richard C. Ebeling of counsel), for appellants.
Woods Oviatt Gilman LLP (Reed Smith LLP, New York, NY [Joseph B. Teig and Andrew B. Messite], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Glen Johnston and Gwen Johnston, also known as Gwen M. Johnston, appeal from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated March 20, 2017. The order, insofar as appealed from, denied those defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants Glen Johnston and Gwen Johnston, also known as Gwen M. Johnston (hereinafter together the defendants), and others to foreclose a mortgage encumbering certain property in Smithtown. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The Supreme Court denied the motion, and the defendants appeal.
"[A] process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see US Natl. Bank Assn. v Melton, 90 AD3d 742, 743; Scarano v Scarano, 63 AD3d 716, 716). A bare and unsubstantiated denial of service is insufficient to rebut the presumption of proper service created by a duly executed affidavit of service, and a hearing is not required where "the defendant fails to swear to specific facts rebutting the statements in the process server's affidavit" (US Natl. Bank Assn. v Melton, 90 AD3d at 743; see U.S. Bank, N.A. v Arias, 85 AD3d at 1015; Scarano v Scarano, 63 AD3d at 716). Here, the claimed discrepancies between the appearance of Glen Johnston and the description in the process server's affidavits were either too minor or insufficiently substantiated to warrant a hearing (see PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115-1116), and the evidence submitted in support of the defendants' motion did not establish that Glen Johnston was not present at the subject property when he was allegedly served with the summons and complaint.
Accordingly, we agree with the Supreme Court's denial of the defendants' motion to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court