Matter of Amona v Composto (2019 NY Slip Op 09261)





Matter of Amona v Composto


2019 NY Slip Op 09261


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-02903
 (Index No. 34040/16)

[*1]In the Matter of Ryan Amona, appellant,
v
Andrea Composto, respondent, Patricia S. Ruppert, etc., et al., respondents-respondents.


Barry D. Haberman, New City, NY, for appellant.
Thomas E. Humbach, New City, NY (Brigitte M. Nahas Botta of counsel), for respondents-respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of Patricia S. Ruppert, Commissioner of Health, Rockland County Department of Health, dated May 25, 2016, finding the petitioner guilty of certain violations of the Rockland County Sanitary Code and assessing civil penalties totaling $27,250, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Linda J. Christopher, J.), dated February 28, 2017. The order and judgment, insofar as appealed from, granted the motion of the respondents Patricia S. Ruppert, Commissioner of Health, Rockland County Department of Health, and County of Rockland pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition insofar as asserted against them and, in effect, denied the petition and dismissed the proceeding insofar as asserted against those respondents.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioner is the owner of certain real property located in Rockland County. In late 2015, in connection with multiple inspections of the subject property, the Rockland County Department of Health charged the petitioner with various violations of Article XIII of the Rockland County Sanitary Code.
On February 10, 2016, a hearing officer conducted a hearing with regard to the alleged violations, after which she issued a report dated March 7, 2016, recommending that the petitioner be found guilty of all violations and assessed civil penalties totaling $27,250. Subsequently, on May 25, 2016, Patricia S. Ruppert, Commissioner of Health (hereinafter the Commissioner), issued a declaration adopting the hearing officer's recommendations.
Thereafter, in September 2016, the petitioner commenced this proceeding pursuant to CPLR article 78 against the Commissioner, the Rockland County Department of Health, and the County of Rockland (hereinafter collectively the respondents), among others, seeking to annul the Commissioner's determination on the ground that it was arbitrary and capricious. In response, the respondents moved, inter alia, pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition insofar [*2]as asserted against them for failure to exhaust administrative remedies.
In an order and judgment dated February 28, 2017, the Supreme Court granted the respondents' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition insofar as asserted against them and, in effect, denied the petition and dismissed the proceeding insofar as asserted against them. The petitioner appeals.
In order to challenge the Commissioner's determination in a court of law, the petitioner was required first to exhaust available administrative remedies (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57; NYCTL 2009-A Trust v Tsafatinos, 101 AD3d 1092, 1093). Here, the petitioner failed to pursue an available administrative remedy under the Rockland County Sanitary Code, and, contrary to his contention, no exception to the exhaustion doctrine applies here (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d at 57; NYCTL 2009-A Trust v Tsafatinos, 101 AD3d at 1093; cf. Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation, 87 NY2d 136). Furthermore, there is no merit to the petitioner's contention that the respondents should be estopped from raising the exhaustion rule (see F.A.S.A. Constr. Corp. v Village of Monroe, 14 AD3d 532, 533). Accordingly, we agree with the Supreme Court's determination to dismiss the proceeding based on the petitioner's failure to exhaust his administrative remedies.
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court