Matter of Reyes v Munoz (2021 NY Slip Op 06176)





Matter of Reyes v Munoz


2021 NY Slip Op 06176


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2021-03215
 (Docket No. V-15426-19)

[*1]In the Matter of Daniela Leticia Reyes, appellant,
v
Jose Oqueli Reyes Munoz, respondent.


Bruno J. Bembi, Hempstead, NY, for appellant.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (James W. Malone, J.), dated March 19, 2021. The order dismissed the mother's petition for custody on the ground that the court lacked jurisdiction.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.
The parties are the parents of the subject child, who was born in December 2009. In October 2019, the mother filed a petition seeking custody of the child. In an order dated March 19, 2021, the Family Court dismissed the petition for lack of jurisdiction over the father. The mother appeals.
Service without New York State may be made in the same manner as service is made within the state (see Domestic Relations Law § 75-g[1][a]; CPLR 313; Matter of Romero v Ramirez, 100 AD3d 909, 910). "Proof of service outside the state shall be by affidavit of the individual who made the service" (Domestic Relations Law § 75-g[2]). "Generally, a process server's affidavit of service establishes a prime facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Matter of Romero v Ramirez, 100 AD3d at 910 [internal quotation marks omitted]; see Matter of Nwabueze v Okafor, 166 AD3d 780, 780-781).
Here, the mother submitted an affidavit from a process server, accompanied by an affidavit of translation, attesting that the process server recognized the father personally, and on the process server's third attempt, delivered the custody petition, motion for special findings, and notice of next court date to the father in Honduras. The affidavit of service of the mother's process server constituted prima facie evidence of proper service of the custody petition on the father (see Matter of Nwabueze v Okafor, 166 AD3d at 781). The record does not contain a sworn denial by the father of receipt of service with specific facts to rebut the statements in the process server's affidavit. Therefore, no hearing on the validity of process of service was necessary (see id. at 781-782; Matter of Romero v Ramirez, 100 AD3d at 910), and the Family Court should not have dismissed the petition.
Accordingly, we reverse the order, reinstate the petition, and remit the matter to the Family Court, Suffolk County, for further proceedings consistent herewith.
MASTRO, J.P., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court