LVNV Funding, LLC v Morell (2022 NY Slip Op 50436(U))

[*1]

LVNV Funding, LLC v Morell

2022 NY Slip Op 50436(U) [75 Misc 3d 131(A)]

Decided on May 24, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 24, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, BARRY E.
WARHIT, JJ

2021-494 S C

LVNV Funding, LLC, Respondent,
against
Joyce Morell, Appellant. 

Joyce Morell, appellant pro se.
Kirschenbaum & Phillips, P.C. (Jorge L. Vitureira of counsel), for respondent (no brief
filed).

Appeals from orders of the District Court of Suffolk County, Fifth District (Cheryl M.
Helfer, J.), entered April 8, 2021 and June 25, 2021. The order entered April 8, 2021 denied
defendant's motion to vacate a judgment entered on June 30, 2014 upon her failure to appear or
answer the complaint. The order entered June 25, 2021 denied defendant's motion for, in effect,
leave to reargue and/or renew her prior motion.
ORDERED that so much of the appeal as is from the portion of the order entered June 25,
2021 which denied the branch of defendant's motion seeking, in effect, leave to reargue her prior
motion is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered April 8, 2021 and the order entered June 25, 2021, insofar
as reviewed, are affirmed, without costs.
In this action to recover for breach of a credit card agreement and on an account stated, the
affidavit of service stated that copies of the summons and complaint were served on March 26,
2014 at 6:29 p.m. by handing them to a "Tim," a co-occupant at 40 Bogota Road, Mastic Beach,
New York, defendant's last known address and usual place of abode. Tim was described as a
white male with black hair, about 40 years old, approximately 5'6" and 181-200 pounds. The
process server averred that he had spoken with Tim and that he had confirmed defendant's
nonmilitary status. Defendant failed to appear or answer the complaint, and a default judgment
was entered against her in the total sum of $20,481.15 on July 30, 2014.
Almost seven years later, defendant moved to vacate the default judgment on the ground of
improper service. By order entered April 8, 2021, the Civil Court (Cheryl M. Helfer, J.) denied
defendant's motion. The court stated that defendant's assertion that she was not served was
insufficient to constitute a reasonable excuse for her default and was insufficient to warrant a
traverse hearing, as defendant acknowledged that she resided at the residence at the time at which
[*2]service was alleged to have been effectuated, that she did not
dispute that her husband has the same name as the individual indicated to be of suitable age and
discretion served at her residence, and that her only argument was that neither her husband nor
her son fits the description of the individual alleged to have been served. The court further stated
that defendant failed to demonstrate the possibility of a meritorious defense, as her allegation of a
forgery was insufficient. Defendant subsequently moved for, in effect, leave to reargue or renew
her motion to vacate the default judgment entered against her on July 30, 2014. By order entered
June 25, 2021, the Civil Court (Cheryl M. Helfer, J.) denied this motion. These appeals
ensued.
A process server's affidavit of service, attesting to service upon a person of "suitable age and
discretion" (CPLR 308 [2]), constitutes prima facie evidence of proper service (see
Associates First Capital Corp. v Wiggins, 75 AD3d 614 [2010]; Scarano v Scarano,
63 AD3d 716 [2009]). Where a defendant fails to swear to specific facts to rebut the statements
in the process server's affidavit, the defendant's motion to vacate a default judgment based on
improper service may be denied without a hearing (see Associates First Capital Corp. v
Wiggins, 75 AD3d at 614; City of New York v Miller, 72 AD3d 726 [2010];
Scarano v Scarano, 63 AD3d 716; Simonds v Grobman, 277 AD2d 369, 370
[2000]).
To the extent that defendant claimed improper service in her initial motion and, thus, a lack
of personal jurisdiction (see CPLR 5015 [a] [4]), defendant's conclusory denial of service
did not rebut the prima facie proof of proper service created by the process server's affidavit.
Moreover, there was no affidavit from defendant's husband denying service upon him.
Consequently, the Civil Court properly denied, without a traverse hearing, defendant's motion to
vacate the default judgment based on improper service (see City of New York v Miller,
72 AD3d 726; Scarano v Scarano, 63 AD3d 716; Mortgage Elec. Registration Sys.,
Inc. v Schotter, 50 AD3d 983 [2008]; 425 E. 26th St. Owners Corp. v Beaton, 50
AD3d 845 [2008]; Simonds v Grobman, 277 AD2d 369).
To the extent that defendant's motion was made pursuant to CPLR 317, it was properly
denied since the motion was made more than five years after entry of the judgment (see
CPLR 317). Consequently, we find no basis to disturb the order entered April 8, 2021.
So much of the appeal as is from the portion of the order entered June 25, 2021 which denied
the branch of defendant's motion seeking, in effect, leave to reargue her prior motion to vacate
her default must be dismissed, as no appeal lies from an order denying a motion for leave to
reargue (see Bermudez v City of New York, 66 AD3d 724 [2009]; Malik v
Campbell, 289 AD2d 540 [2001]).
In support of the branch of her motion seeking, in effect, leave to renew her prior motion,
defendant needed to proffer either new facts which were unavailable at the time of the prior
motion or a reasonable justification for the failure to have presented such facts on the prior
motion (see CPLR 2221 [e]; Deutsche Bank Natl. Trust Co. v Matheson, 77
AD3d 883 [2010]). Defendant failed to do either.
Accordingly, the order entered April 8, 2021 and the order entered June 25, 2021, insofar as
reviewed, are affirmed.
GARGUILO, P.J., EMERSON and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2022