## TD Bank, N.A. v PB Sales Inc.

2025 NY Slip Op 31888(U)

May 27, 2025

Supreme Court, Kings County

Docket Number: Index No. 526304/2024

Judge: Anne J. Swern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 27th day of May 2025

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

TD BANK, N.A.,

**DECISION & ORDER**
Index No.: 526304/2024

Plaintiff(s),

Calendar No.: 47

-against-

Motion Seq.: 001 and 002

PB SALES INC. and YONA WEISSMAN,

Defendant(s).

*Recitation of the following papers as required by CPLR 2219(a):*

**Papers
Numbered**

**MS001** Notice of Motion, Affirmation,
Affidavits and Exhibits (NYSCEF 10-19)......................................................1, 2
Affirmation and Exhibits in Opposition (NYSCEF 22-26)...........................3
Reply Affirmation and Exhibits (NYSCEF 28-29)........................................4

Notice of Cross-Motion, Affirmation,
Affidavits and Exhibits (NYSCEF 21-26).................................................5, 6
Memorandum of Law and Exhibit in Opposition (NYSCEF 30-31)..............7
Reply Affirmation (NYSCEF 32).................................................................8

Upon the foregoing papers and after oral argument, the decision and order of the Court

is as follows:

**Background**

This is an action for breach of a loan agreement. Plaintiff seeks to recover the principal

amount of $92,764.17 as of 1/29/2025, plus interest from 1/29/2025 on the unpaid principal at

the contract default interest rate of 18.000% per annum, together with plaintiff's costs, expenses

and reasonable attorneys' fees incurred in connection with its enforcement and collection efforts.

The complaint asserts two causes of action, *i.e.*, 1) breach of the loan agreement dated 11/14/2017, and 2) enforce the commercial guaranty executed by defendant Weissman. (*see* NYSCEF 1-4). The complaint seeks to hold the defendants jointly and severally liable for any judgment (NYSCEF 1).

Plaintiff has now moved for an order pursuant to CPLR § 3212 granting summary judgment, dismissing WEISSMAN's affirmative defenses and striking his answer. Weissman cross-moves to dismiss this action for lack of personal jurisdiction pursuant to CPLR § 3212.

Defendants e-filed an answer on 1/2/2025, asserting 22 affirmative defenses, including that plaintiff failed to secure personal jurisdiction over both defendants (NYSCEF 8, p.12). However, the motion only seeks to dismiss this action as to defendant Weissman. In support of the motion, Weissman submits an affidavit and a copy of his driver's license to establish that he does not reside at 182 Clymer Street.

Plaintiff's motion for summary judgment is granted and defendant Weissman's motion is denied.

**Weissman's Motion to Dismiss**

The process server effectuated service on defendant PB Sales, Inc. through the Corporation Division of the New York State Department of State on 9/30/2024 (NYSCEF 6). On 10/29/2024 at 1:34 p.m., 10/30/2024 at 8:28 p.m. and 11/11/2024 at 10:56 a.m., the process server attempted to effectuate service on Weissman at the address listed on the personal guaranty, to wit: 182 Clymer Street, Apartment 1, Brooklyn, New York "11221" (NYSCEF 4 and 7).[1] On 11/11/2024, the process server affixed the summons and complaint to the door of Apartment #1. The door is described as follows: "Brown door cream wall multicolored floor right side of the

---

[1] The affidavit of service has a typographical error. The zip code is 11212 not 11221.

[*2]

hallway; I made diligent attempts to serve the documents in accordance with CPLR 308 1 or 308 2 but was unsuccessful I was unable to determine place of employment." (NYSCEF 7). Therefore, the process server exercised due diligence by attempting service on three separate dates and different times of the day when Weissman or a person of suitable age and discretion could reasonably be expected to be present at such location before, during or after regular working hours (*See Barnes v New York*, 70 AD2d 580, 580 [2d Dept. 1979], *affirmed* 51 NY2d 906 [1980]).

Pursuant to the terms of the personal guaranty, Weissman was under an affirmative obligation to provide plaintiff formal written notice of a change in address and keep plaintiff informed at all times of his current address ( NYSCEF 4, p.4, Miscellaneous Provisions., Notices.). The loan agreement was signed in 2017 and Weissman's driver's license with an address of 218 Skillman Street, #1B, Brooklyn, New York 11205 was issued on 8/18/2020 (NYSCEF 24). As of 11/29/2024, the monthly loan statements indicate an address of 182 Clymer Street, Apartment 1, Brooklyn, New York 11211 (NYSCEF 13). Weissman does not affirm that he provided plaintiff with a change of address at any time. He also does not dispute the description of the door where the summons and complaint were affixed to or provide proof of a utility bill, lease or W-2 that the address on his driver's license is his current address (*Compare, Nationstar Mtge, LLC v Esdelle,* 186 AD3d 1384, 1387 [2d Dept. 2020]). Therefore, when a defendant "fails to swear to specific facts to rebut the statements in the process server's affidavit [of service]" (*City of New York v Miller,* 72 AD3d 726, 727 [2d Dept. 2010]) or their affidavit amounts "to no more than bare and conclusory denials of service" (*Associates First Capital Corp. v Wiggins,* 75 AD3d 614, 614-615 [2d Dept 2010]), a motion to dismiss may be denied without a hearing.

[* 3]

Further, although Weissman denies receiving the summons and complaint in the mail from "anyone" (NYSCEF 23, ¶3), he has not moved to dismiss this action for lack of jurisdiction as against PB Sales, Inc. after service through the Secretary of State (BCL § 306 [b] [i] [...Service of process on such corporation shall be complete when the secretary of state is so served. The secretary of state shall promptly send one of such copies by certified mail, return receipt requested, to such corporation, at the post office address, on file in the department of state, specified for the purpose.]). Therefore, Weissman's affidavit is insufficient to rebut the presumption of service in the affidavit of service.

**Plaintiff's Motion for Summary Judgment**

The essential elements to recover damages for breach of contract are the existence of a contract, plaintiff's performance, defendant's breach of its contractual obligations, and damages (*Cruz v Cruz*, 213 AD3d 805, 807 [2d Dept 2023]). Here, plaintiff has established all the elements of a breach of contract claim (*id.*) and a *prima facie* entitlement to summary judgment through admissible evidence (*Alvarez v Prospect Hospital*, 68 NY2d 324 and *Giuffrida v Citibank*, 100 NY2d 81). Plaintiff has submitted the affidavit of the loan officer authenticating the loan documents, loan history, monthly statements and demand letters (NYSCEF 2-5, 11-13, 15).

The Court has considered the parties' remaining arguments and finds same to be without merit.

Accordingly, it is hereby

[* 4]

ORDERED that plaintiff's motion for summary judgment, dismissing defendants' affirmative defenses and striking defendants' answer is granted, and it is further

ORDERED that defendant WEISSMAN's motion to dismiss this action pursuant to CPLR § 3211 [a] [8] is denied, and it is further

ORDERED that the Clerk of the Court shall enter judgment in the amount of $92,764.17, plus interest at the default rate of 18.000% per annum from 1/29/2025, plus costs, expenses and reasonable attorneys' fees, and it is further

ORDERED that plaintiff shall submit a Clerk's Judgment within 60 days of the date of this Order.

This constitutes the decision and order of the Court.

ENTER:

_____
Hon. Anne J. Swern, J.S.C.
Dated: 5/27/2025

For Clerks use only:

MG _____

MD _____

Motion seq. # _____